Pauline H. BISHOP,
Petitioner-Respondent,

v.

Joseph A. BISHOP,
Respondent-Appellant.

No. 45605.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 20, 1983.

Gregory D. O'Shea, Lemay, for respondent-appellant.

Melvin Risch, Kirkwood, for petitioner-respondent.

GEORGE A. ADOLF, Special Judge.

Joseph Bishop appeals in this dissolution action claiming the trial court's decree violates § 452.330, RSMo 1981, because the decree fails to set apart and value marital and separate property. He also alleges that the award of $7,500 to respondent is improper because the trial court's decree fails to set apart and value the property item by item and fails to credit him with contributions to the reduction of indebtedness and improvements to Respondent's separate real property.

Both parties filed statements of property with the court and testified that these statements were currently accurate. The statements were accepted into evidence by the court. The parties also testified to the value and nature of the property at issue.

Two portions of real estate form the greater part of the couple's holdings and serve as the focus of the dispute. One parcel of property comprises a house and lot in St. Louis County, Missouri. Both parties agree that this was Pauline's separate property. Joseph claimed to have contributed $8,000 in improvements to and reduction of the mortgage debt on the St. Louis County property. Pauline, on the other hand, claimed that they made no major improvements, and that she had repaid Joseph for any and all payments that he had made on the mortgage.

The second parcel of property comprises a house and fifty-two and two-thirds acres in Crawford County, Missouri. Twenty-six and one-third acres came to Joseph by descent. The parties, after their marriage, purchased the other twenty-six and one-third acres of land and the house from Joseph's siblings. The parties have satisfied all debts on this property. Estimates of the value of the property vary. Pauline's statement of property valued the house and twenty-six and one-third acres at $35,000. Pauline's testimony valued the same property at $19,000 to $19,500. She asked the court for $10,000 as her share of the equity in this property. Joseph's statement of property valued the same real estate at $5,500. His testimony would put the value of the same at approximately $10,260. In 1975 the Crawford County Probate Court had appraised the house and *seventy-nine* acres at $17,600.

Neither party requested formal findings of fact or conclusions of law. On February 22, 1982, the trial court entered a Decree of Dissolution and disposed of the property as follows:

"Respondent (Joseph) ordered to pay to petitioner (Pauline) the sum of $7,500.00 representing her interest in the marital property.

Respondent is awarded all of the personal property located at the family home in Crawford County. Petitioner is awarded all of the furnishings and personal property at her home at 9942 Madaford Lane, Affton, St. Louis County. The house at 9942 Medaford Lane is the separate property of petitioner. Petitioner is awarded the 1973 Ford Tudor. Respondent is awarded the 1974 GMC truck. All other personal property of the parties that is in their possession at the time of this decree will be the property of the party who had possession. Petitioner is awarded the .44 magnum pistol. Respondent is awarded the 94 Winchester rifle. Petitioner is awarded the 22 foot deep freezer. Respondent is awarded the two marble top lamps and the set of china. Respondent is awarded the property and house in Crawford County. All other marital property not otherwise disposed of is awarded to respondent.

Section 452.330, RSMo 1981 governs the disposition of property in divorce actions. The statute states, in pertinent part:

"In a proceeding for dissolution of the marriage ... the court *shall* set apart to each spouse his property and *shall* divide the marital property in such proportions as the court deems just after considering all relevant factors...." (Emphasis Added.)

The purpose of the statute is to minimize the necessity for recourse to subsequent litigation and to accomplish a complete severance of unity of possession of property between the spouses. *Fields v. Fields,* 584 S.W.2d 163, 166 (Mo.App.1979); *Corder v. Corder,* 546 S.W.2d 798, 804 (Mo.App.1977).

The statutory language charges the trial court with completing a two-step process. First, the court must set apart to each spouse his or her separate property. Second, the court must divide the remaining marital property. A finding of what determines marital property must precede the division of marital property. The trial court must make specific findings as to whether each asset or class of assets is marital property subject to division or nonmarital property belonging to a spouse individually. Such an identification of property is the necessary antecedent of a subsequent just division of marital property. *In re Marriage of MacBeth,* 622 S.W.2d 720, 723 (Mo.App.1981); *Glascock v. Glascock,* 607 S.W.2d 834, 835 (Mo.App.1980); *Hopkins v. Hopkins,* 597 S.W.2d 702, 709 (Mo.App. 1980).

The fact that the court received in evidence the parties' financial statements does not relieve the court of the specific duty to set apart the property as marital or separate. *Schulz v. Schulz,* 612 S.W.2d 380, 381, n. 1 at 381, 383 (Mo.App.1980). It is not enough to apportion all of the property between the parties without first designating it as either separate or marital property. *In re Marriage of MacBeth,* 622 S.W.2d at 723.

The trial court's decree specifically designates the St. Louis County property as Pauline's separate property. The decree applies no designation of marital or separate to any other property. It can be argued that there is an implication arising from this silence that all property not designated as separate has been found to be marital property. But in this case such an implication is inconsistent with the admitted fact that one half of the Crawford County property came to Joseph by descent, and is his separate property by operation of law. § 452.330.2(1). Nor may we, in this case, apply the assumption that all facts are presumed to have been found in accordance with the result reached by the trial court. Rule 73.01; *Walker v. Walker,* 631 S.W.2d 68, 71 (Mo.App.1982). Determination that one-half of the Crawford County property is the separate property of Joseph is a matter of law rather than the resolution of a disputed fact issue. To imply the court found this property to be marital property because of the absence of any designation would require us to ignore the clear mandate of *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976) that an appellate court must sustain the judgment of the trial court unless it erroneously declares or applies the law. Pauline concedes, in her brief filed herein, that it would be error for the trial court to have designated one-half of the Crawford County property as marital property.

The language of this court's opinion *In re Marriage of MacBeth,* 622 S.W.2d at 723 is particularly apropos:

"It is not clear from the trial court's conclusions of law what property awarded was set aside as separate property of the husband or the wife and what was divided as marital property. The trial court in its judgment disposes of all property, with the exception of its award of the Hollins house, by designating the party to whom it shall belong without indicating whether the party to whom it is awarded retains the asset as his separate property or an an award of marital property. Because of this deficiency in the judgment it is impossible to determine on appeal whether the court made a just division of the marital property in accordance with § 452.330, RSMo 1978 and the cause must be remanded for further proceedings."

Citing to *In re Marriage of Schulz,* 583 S.W.2d 735 (Mo.App.1979). Since this case must be remanded, we also take note of the silence of the trial court's decree regarding any mention of Joseph's claim that he is entitled to an interest in Pauline's separate property in St. Louis County commensurate with his claimed contributions to improvements and reduction of indebtedness thereon. While the testimony is in dispute as to the extent of his contribution, Pauline admitted that the mortgage payments and at least some of the improvements were paid for by marital funds. This admission warrants a determination by the trial court that "a charge may be imposed upon the separate property to the extent that separate funds of the other spouse or marital funds are expended to reduce the debt or enhance the value of the asset in question." *Ravenscroft v. Ravenscroft,* 585 S.W.2d 270, 272 (Mo.App.1979). *See also Rickelman v. Rickelman,* 625 S.W.2d 901, 902 (Mo.App. 1981).

Additionally, the form of the decree, referring only to "the property and the house in Crawford County" is inadequate to fulfill the purpose underlying § 452.330.5, which requires the filing of a copy of the decree in the office of the Recorder of Deeds of the county in which the affected real estate is situate.

That part of the judgment desolving the marriage and restoring petitioner's maiden name is affirmed. The remainder of the judgment is reversed and remanded for further proceedings consistent with this opinion.

GAERTNER, P.J., and DONALD KENNEDY, Special Judge, concur.