**Pauline H. BISHOP,
Plaintiff-Respondent,**

v.

**Joseph A. BISHOP, Jr.,
Defendant-Appellant.**

**No. 48195.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 11, 1984.

Gregory D. O'Shea, St. Louis, for defendant-appellant.

Melvin Risch, Kirkwood, for plaintiff-respondent.

SNYDER, Judge.

This is an appeal from a dissolution decree in which the trial court determined that separate funds of the husband, or marital funds, were expended to reduce the debt or enhance the value of the wife's separate real property. The court ordered that a charge of $500.00 be imposed against the property. The husband appeals, complaining that the charge should be more than $500. The judgment is affirmed.

In the husband's sole point on appeal he charges that the trial court erred in finding substantial evidence to support a charge as small in amount as $500.00 and in failing to reopen the record to hear additional evidence on the enhancement of value of the property.

The original decree of dissolution was entered by the trial court on February 22, 1982. The husband appealed the trial court's failure to credit him with contributions to the reduction of indebtedness and improvements to the wife's separate real property. The Missouri Court of Appeals took note of the decree's silence on the husband's contributions and reversed and remanded the case on this point. *Bishop v. Bishop*, 658 S.W.2d 512 (Mo.App.1983).

On remand, the trial court determined that separate funds of the husband, or marital funds, were expended to reduce the debt or enhance the value of the wife's separate real property and that the husband's equity in these funds was $500.00. The court imposed a charge of this amount upon the wife's separate real property. The court's determination was based on the testimony from the original trial on the value of improvements made by the parties and no further evidentiary proceedings were conducted.

There was considerable conflict in the testimony concerning the husband's contribution to the enhanced value of the wife's property. The trial judge who heard the original trial also presided over the proceedings after the remand. It was for him to judge the credibility of the witnesses.

This court has reviewed the record, including the transcript of the testimony in the original trial. There was substantial evidence to support the trial court's judgment and it was not against the weight of the evidence. There was no error of law in failing to allow additional evidence to be adduced. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). An extended opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

KELLY and STEWART, JJ., concur.