Melinda Lee McCLEMENT, Petitioner,

v.

Michael Dale McCLEMENT,
Respondent.

No. 47910.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 20, 1984.

Mary Ann Weems, Clayton, for petitioner.

Mark H. Kruger, Clayton, for respondent.

SIMON, Presiding Judge.

Respondent, Michael McClement (Husband), appeals from a decree issued by the Circuit Court of St. Louis County, dissolving the marriage between Husband and petitioner, Melinda McClement (Wife). The court awarded Wife custody of the minor children, the family residence located at 3713 Druso, St. Louis County, Missouri, child support and attorney's fees. Husband was awarded various furniture, tools, bank accounts, an automobile, and a $2000 deed of trust secured by the family residence. We affirm.

The relevant facts are as follows: Two children were born of the marriage. The parties had moved from St. Louis to Delaware. The Wife and children moved back to St. Louis in 1981 while Husband remained in Delaware. Shortly after returning to St. Louis, Wife met another man, who moved into her home in May, 1982. On May 3, 1982, Husband returned to St. Louis and went to the family residence. Husband testified that he did not know Wife was involved with another man and became very depressed when he discovered another man's clothes in the home. Husband admits destroying several items in the house and taking various items including a microwave oven, tools, and cloth-

ing. At trial there was conflicting testimony concerning the amount of destruction and the items the Husband took.

The parties also disagreed on the value of certain assets and the amount of money contained in certain bank accounts. The parties' home in St. Louis County was subject to a $17,000 deed of trust. Wife claims that the residence in St. Louis County is worth $45,000. Husband claims that it was appraised at $62,500. During the marriage, Husband ran a tattoo business. Wife claimed Husband earned between five and six thousand dollars per year from the business. Husband claimed that he never made money, and only has tattooing equipment worth $30.00. The parties also disagree on the amount of money each took from the parties' joint bank account with Bank of Delaware, prior to leaving for St. Louis. Husband claims that of $17,000 removed from the account in October, 1981, Wife used $3,500. . Wife claims she took nothing from the account after Husband withdrew the $17,000.

Husband claims that he did not know the marriage was in trouble until May 3, 1982 when he returned to St. Louis. Wife claims that the parties had discussed dissolving their marriage in October of 1981, and that Husband had threatened her with physical violence if she filed for divorce.

The matter was heard on September 2, 1983. The parties stipulated to the financial statement filed by both parties. The trial court dissolved the marriage and made the following pertinent findings and division of property: (1) that there was no separate property to set off to either party; (2) awarded Wife: (a) custody of the children; (b) child support payments of $27.50 per week; (c) the residence located in St. Louis County, Missouri and also the contents of the residence except the items that Husband took on May 3, 1982; (d) her interest in a personal injury claim resulting from an automobile accident which occurred during the marriage; (3) that both parties were able to support themselves and did not award maintenance to either party; (4) awarded Husband: (a) mechanical tools in his possession; (b) furniture located in his motel room in Delaware; (c) the automobile; (d) firearms in his possession; (e) the tattoo equipment; (f) the property he removed from the house on May 3, 1982; (g) the balance of the account the parties had with the Bank of Delaware; (h) all interest in the assets of the tattoo business; (i) the balance of an account the parties had with Mark Twain South County Bank which Husband received on May 4, 1982; (j) $2000 to be secured by a deed of trust on the residence in St. Louis County, Missouri, at 9% interest. Further, the court ordered Husband to pay attorney's fees and granted him visitation and temporary custody rights of the minor children.

On appeal, Husband contends that the trial court erred in: (1) failing to make a specific finding regarding marital property; (2) failing to value the assets that were divided by the court; and (3) dividing the marital property in an unjust manner.

On review, we determine whether the judgment is supported by substantial evidence and is not against the weight of the evidence, and whether the court erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

Initially, Husband contends that the trial court erred in failing to make a specific finding regarding marital property. Section 452.330 RSMo provides a two-step process in dividing property in a dissolution of marriage proceeding: (1) the court must set apart to each spouse his or her separate property, and (2) the court must divide the remaining marital property. Relying on *Bishop v. Bishop*, 658 S.W.2d 512 (Mo.App. 1983), Husband argues that the trial court must make specific findings as to whether each asset is marital property or non-marital property. Husband argues that one of the assets divided by the trial court was Wife's interest in her personal injury claim, which the court stated she retained as her sole property. Husband contends that this statement implied that the court was classifying this asset as Wife's separate property and non-marital.

In *Bishop* at 514[1], our court held: "The trial court must make specific findings as to whether each asset or class of assets is marital property subject to division or non-marital property belonging to spouse individually. Such an identification of property is a necessary antecedent of a subsequent just division of marital property." In *Bishop*, the trial court found one piece of property to be Wife's separate property. The decree did not designate any other property as separate or marital. This silence could have implied that the remaining property was marital. However, the Husband had received one piece of undesignated property by descent and, therefore, it was his separate property by operation of law. Therefore, the trial court erred by failing to identify this piece of property as separate property. *Id.* at 515[3].

■ However, the present case is distinguishable from *Bishop*. First, the trial court specifically found that there was no separate property to set off to either party. If there is no separate property, then all of the property is marital. In *Bishop*, the trial court made a specific designation as to one asset, but failed to designate the remainder of the assets, thus, making it unclear whether the remaining property was apportioned as part of the marital property or separate property. Here, the trial court's determination that there was no separate property creates no question as to the designation of the property. The trial court determined that all of the property was marital property. Second, in *Bishop*, the decree, by its silence, impliedly designated the remainder of the property as marital property. It was erroneous because the property that Husband had acquired by descent was his separate property as a matter of law. There is no analogous situation in the present case. In *Nixon v. Nixon*, 525 S.W.2d 835, 839[6] (Mo. App.1975), our court held that a spouse's recovery for personal injuries is marital property if the personal injury was sustained during the marriage. Here, the property damage and personal injuries were sustained during the marriage, thus, the personal injury claim was clearly marital property. The trial court did not err.

Husband next contends that the trial court erred in failing to set the value for each of the assets.

Wife testified the replacement cost of the items taken by Husband was $5,000. Husband denies the value of the items was this high. Wife testified the home could be sold for no more than $45,000, and on her financial statement claimed the present value of the house is $60,000. Husband testified the house has been appraised at $62,-500. The Husband also claims that there is no testimony in the record regarding the value of Wife's personal injury claim. Husband states that because these assets comprise a large portion of the marital assets, the court should have valued these assets when making the division of property.

Section 452.330.1, RSMo (Supp.1981) (all further references shall be to RSMo (Supp. 1981)), provides:

1. In a proceeding for dissolution of marriage ... the court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors including:

(1) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(2) The value of the property set apart to each spouse;

(3) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children; and

(4) The conduct of the parties during the marriage.

The Missouri Supreme Court has held that § 452.330.1 does not require specific findings of fact as to the value of each item designated as marital property in a dissolution decree. *Dardick v. Dardick*, 670 S.W.2d 865, 868[3] (Mo.App.1984). In *Dar-*

*dick*, the Court stated that a trial court's decision concerning division of property will not be disturbed so long as the trial court had before it proper evidence of value and the parties had not requested specific findings under Rule 73.01(a)(2). *Id.* at 868[2].

■ Here, Husband did not request specific findings of fact or conclusions of law. Thus, the failure of the trial court to assign values to each item, does not require reversal, unless there was insufficient evidence before the court for it to make a just division. *Dardick* at 868[2]. There was sufficient evidence in the record upon which the trial court could have placed a value on both the house and items taken by Husband.

Regarding Wife's personal injury claim, Wife testified that she was involved in an automobile accident and had a suit pending to recover property and personal injury damages. She testified that her car sustained damages of $2,000, but presented no evidence concerning the value of the personal injury part of the claim. She further testified that she told her attorney she was interested in getting money to repair the car. At one point she indicated she had injured her head and neck, however, at another point, she claimed she suffered no injury in the accident. There was no specific evidence of the value of the personal injury claim, but the trial court could reasonably have found that the value of the personal injury claim was minimal and incidental to the automobile damage claim. Section 452.330.1 requires the court to divide the marital property in proportions it deems just. Failure to specifically value the personal injury claim does not affect the justice of the trial court's property division. No justiciable purpose would be served by remanding this cause for further proceedings to arrive at a specific value for this claim. Since the evidence indicates its value to be minimal and incidental, the trial court's distribution of the claim to the Wife does not upset the fairness and equity of the property division.

In his final point, Husband claims there should have been a more equal division of the assets and the court should have given more weight to Wife's alleged marital misconduct.

■ Section 452.330.1 requires a fair and equitable division of marital property, but does not require an equal division of property. *Dardick* at 869[4, 5]. The trial court has considerable discretion in dividing marital property and its decision will not be overturned unless the division is so unduly weighted in favor of one party as to amount to an abuse of discretion. *Id.*

Both parties presented evidence indicating marital misconduct. Marital conduct is only one of four factors which the trial court must weigh in dividing marital property. Section 452.330.1. It is for the trial court to determine whether the parties engaged in misconduct and, if there was misconduct, the weight that it should be given in dividing marital assets. The trial court did not abuse its discretion.

■ Having carefully reviewed the record and considered each of the points raised by Husband, we find the trial court's findings are supported by substantial evidence and do not erroneously declare or apply the law.

Judgment affirmed.

STEWART and STEPHAN, JJ., concur.