**William RUDDEN, Plaintiff–Appellant,**

v.

**Judith Ann RUDDEN, Defendant–Respondent.**

No. 54851.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 28, 1989.

Bruce Nangle, St. Louis, for plaintiff-appellant.

Joan M. Burger, St. Louis, for defendant-respondent.

REINHARD, Judge.

Husband appeals from the marital property disposition and child support award of a dissolution decree. We affirm.

The parties were married in 1969. One child, a boy, was born of the marriage on January 17, 1972. At the time of trial, husband was 40 years old and was employed by the City of St. Louis as a fire captain with a gross annual salary of $35,000. Wife was 37 years old and was earning $1,100 per month in take home pay, or roughly $20,000 in gross annual wages. Husband had a pension plan which would distribute his contributions to the plan in a lump sum plus pay a monthly benefit of 40% of his average monthly salary for the last three years prior to retirement if he retired after 20 years of employment; 70% if he retired after 30 years. If he resigned before 20 years he would receive his contri-

butions plus interest in a single payment. Wife's expert valued the pension at $154,-267; husband was within months of being employed 20 years. Wife had custody of the child.

The parties orally stipulated as to every issue except distribution of the marital property. Each waived maintenance and agreed to $350 per month for child support. In its decree, the court ordered husband to pay child support in the amount of $435 per month, found husband's pension plan to be marital property and awarded the pension plan benefits to husband except for ½ of the monthly payments husband would be entitled to if he resigned on December 28, 1987; wife is to receive that portion as husband receives his monthly payments or their equivalent. The decree was entered after husband had been employed 20 years.[1]

■ Husband's principal point on appeal is that the court "erred in failing to consider [wife's] social security expectations when awarding a portion of [husband's] pension plan to her in light of [husband's] lack of social security expectations" and should have "set off to [husband], if necessary, as additional marital property, the social security entitlements [wife] had acquired by her attainment of maximum quarters of eligibility for social security during the time of the marriage."

■ Husband cites no authority for his claim that social security benefits are marital property and can be used as a setoff in the same fashion as vested pension plans. We find no cases in Missouri discussing the issue of whether vested social security benefits fall within the ambit of *Kuchta v. Kuchta*, 636 S.W.2d 663 (Mo. banc 1982). In *Puckett v. Puckett*, 632 S.W.2d 83 (Mo. App.1982), we considered the issue of railroad retirement benefits, which are closely related to social security benefits, and determined that these benefits are not marital property. We have reviewed decisions from other jurisdictions. We found none holding that social security benefits are marital property when the issue was

squarely addressed. *See Hillerman v. Hillerman*, 109 Cal.App.3d 334, 167 Cal.Rptr. 240 (1980); *Umber v. Umber*, 591 P.2d 299 (Okla.1979); *Swan and Swan*, 301 Or. 167, 720 P.2d 747 (1986). While social security benefits do not fall within our state law definitions of marital or separate property (now marital or nonmarital property, § 452.330.1, RSMo Supp.1988), they are clearly defined by federal statutes. *See* 42 U.S.C. §§ 301–1397e (1982 and Supp. IV 1986) (particularly §§ 402 and 1382(b)). In fact, a spouse, including a divorced spouse, may receive benefits based upon entitlements held by his spouse or former spouse. *See e.g.* 42 U.S.C. § 402(b), (c) (Supp. IV 1986). Thus, while unassignable as marital or separate property, the benefits or potential benefits are economic factors to be considered, along with other factors, in the disposition of the marital property and the award of allowances. Here, the court permitted evidence of wife's potential social security benefits and there is no indication that the court failed to consider the matter.

Husband's point is without merit.

■ Husband also contends that the court erred in "rejecting the agreed sum of child support to be paid and substituting a different amount since there was not a scintilla of evidence in the record that supported the amount as awarded."

Counsel admits the trial court can reject an agreement by the parties as to child support. *See Arent v. Arent*, 759 S.W.2d 855 (Mo.App.1988). The court had evidence of the parties' incomes and the wife's expenses before it. Both parties asked the court to take judicial notice of the financial reports wife had previously filed with the court. Her report included general expenses for the home and specific expenses for the child. Monthly expenses claimed for the child, apart from the home expenses, exceeded the child support awarded.

While child support agreements should be given much weight, the trial court is not bound by them. We cannot say the court

---

1. Cause heard and submitted May 18, 1987; original decree entered December 28, 1987; modified decree from which husband appeals entered January 22, 1988.

abused its discretion in choosing the amount of the award here.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.