Shirley R. HOLT, Respondent,

v.

James C. HOLT, Appellant.

No. WD 54733.

Missouri Court of Appeals, Western District.

Aug. 4, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 22, 1998.

---

1. Unless otherwise noted, all statutory references are to RSMo 1994.

Elvin S. Douglas, Jr., Harrisonville, for Appellant.

Anita I. Rodarte, Kansas City, for Respondent.

Before LAURA DENVIR STITH, P.J., and LOWENSTEIN and RIEDERER, JJ.

LOWENSTEIN, Judge.

This is an appeal from a dissolution of marriage. The parties in this case, James Holt ("Husband") and Shirley Holt ("Wife"), separated in 1994 after 29 years of marriage. Husband appeals on the sole issue that the division of marital property was unfair, thus constituting an abuse of discretion by the trial court. Specifically, Husband claimed unfairness in view of Wife's two extra marital affairs, the last of which, according to the trial court's findings caused the breakup of the marriage. The division of marital property resulted in Wife receiving 78% of the assets and the Husband receiving 22% of the assets. The court set-off to Husband, of his non-marital property valued at over $130,000, was nearly equal to the total marital assets of approximately $144,000.

The parties were married on August 22, 1965. Both had completed one year of college. Following the marriage, Wife discontinued her education and began working full-time to help support the family, while Husband completed his bachelor's degree and two master's degrees. Wife never returned to college.

In the late 60's Husband began his teaching career with the Missouri Public School System; and has accumulated a substantial retirement fund of $130,748, which is by statute considered non-marital property, and is not subject to division under § 169.572 RSMo 1994 [1].

In 1974, Wife returned to full-time work in order to complete construction of the parties' home. Wife did all of the work with subcontractors and all of the loan work on the house. The trial court awarded the house to Husband. In addition to her full-time employment, Wife was responsible for household chores, home maintenance and child rearing.

Wife had two extra-marital affairs during the course of the marriage. The trial court found that her last extra-marital affair, in the

1. All statutory references are to RSMo.1994 un-  less otherwise indicated.

summer of 1994, was a substantial factor in the breakup of the marriage. Wife filed for dissolution shortly before Christmas 1994.

The three children of the marriage are emancipated. Wife is currently employed by Allied Signal in Kansas City, Missouri, and Husband is a teacher in the Reorganized School District in Harrisonville, Missouri.

Taking into consideration all of the factors set forth in § 452.330, the court divided the marital property and further awarded a cash judgment of $50,000 against Husband in favor of Wife. Wife was denied maintenance. She also was not awarded attorney's fees. The court awarded Husband the residence. The total value of the marital assets was $143,207, including the residence with a net value of $79,029.

Husband asserts the trial court's division of the marital property is so one-sided as to constitute an abuse of discretion and is against the weight of the evidence.

■ The decision of a trial court must be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). Great deference must be given to the trial judge who was in a position to weigh evidence and to weigh intangibles that cannot be gleaned from the record. Rule 73.01(c)(2); *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989). The trial court was free to believe or disbelieve all, part or none of the testimony of any witness. *Id.* In determining the sufficiency of the evidence, this court must accept as true the evidence and inferences from the evidence that are favorable to the court's decree and disregard all contrary evidence. Id. The trial court has considerable discretion in dividing marital property. Hutcherson v. Hutcherson, 909 S.W.2d 403, 406 (Mo.App.1995). The court will interfere only if the division is so heavily weighted in favor of one party as to amount to an abuse of discretion. Id.

The trial court's division of property is controlled by § 452.330, which directs the court to divide the marital property in a "just" manner. The statute directs the trial court to consider the following nonexclusive factors:

(1) The economic circumstances of each spouse at the time the division of property is to become effective, . . .

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(3) The value of the non-marital property set apart to each spouse;

(4) The conduct of the parties during the marriage; and,

(5) Custodial arrangements for minor children.

§ 452.330.

Since the three Holt children are all emancipated, the first four factors are the only relevant guidelines in dividing the Holt marital assets.

■ (1) Husband earned an annual salary of $38,440 as a teacher at the time of trial hearing. He has been with the Missouri Public School system for almost 20 years. Wife earned about $25,000 per year at the time of the trial. She had been with Allied Signal for less than six years, and the company was expected to layoff 15% to 20% of its employees soon. Her department is scheduled to be phased out in two to three years.

Husband was eligible to retire with a monthly pension of $1,827.04 as of February 1, 1997. He would also receive a monthly social Security benefit of $120 per month at age 65. Wife would not be eligible for any retirement benefits whatsoever until age 65, 13 years in the future. At age 65 she could receive about $118.00 per month from Allied Signal. At age 66 she will be eligible to receive $890 per month from Social Security, assuming that she had continued to work full-time. If her employment is discontinued or her pay reduced, the projected benefit would likewise be reduced.

(2) The record showed Wife worked full-time while Husband completed college and two master's degrees. In addition to working full-time, she also was the primary caretaker for the couple's three children, was

responsible for household chores, and managed the finances.

(3) Before the cash judgment of $50,000 to Wife, Husband was awarded $81,823 of the marital property, including the residence valued at $79,029 and two automobiles. Wife was awarded $61,384 worth of marital property. Neither party received maintenance or attorney's fees.

(4) The trial court judge clearly took both parties conduct during the marriage into account in dividing the property. In its Judgment Entry the court specifically stated that it took Wife's two extra-marital affairs, the last of which partially caused the breakup, into consideration in dividing the property.

■ According to § 452.330, an equitable division of marital property need not be an equal distribution. *Morris v. Morris,* 951 S.W.2d 739, 741 (Mo.App.1997). The court in *Morris* ruled that the fact that one party is awarded a higher percentage of marital assets is not a per se abuse of discretion. In the present case, Husband argues that the Wife should have received, at most, a $10,000 cash judgment in order to make the marital assets a 50/50 split. However, Missouri case law holds a judge is not bound to make the division equal in order for it to be fair to the parties.

■ In dividing marital property, the court must follow the two major guiding principles inherent in § 452.330:(1) that property division should reflect the concept of marriage as a shared enterprise similar to a partnership; and (2) property division should be utilized as a means of providing future support for an economically dependant spouse. *In re Marriage of Hash,* 838 S.W.2d 455, 460 (Mo.App.1992).

"[Section 452.330.1] gives the trial court great flexibility and far-reaching power to divide the marital property so as to accommodate the needs of the parties upon dissolution and there is no formula respecting the weight to be given the relevant factors which a court may consider." *In re Marriage of Wright,* 788 S.W.2d 350, 354 (Mo.App.1990).

In the present appeal, Husband fails to cite a case in which a court rules that the division of marital property must be equal to satisfy § 452.330. In the case of *Scott v. Scott,* 645 S.W.2d 193 (Mo.App.1982), the court upheld a division of property and cash award on facts similar to these. In *Scott,* the wife was the principle income earner while the husband attended law school. The trial court awarded wife 79.4% of the marital estate and ordered husband to pay wife $12,000 "as and for property settlement." *Id.* at 195. The court ruled in that case that the division was justified due to the wife's contributions to husband's education. The court reasoned that the wife made the contribution to the husband's professional education, but she would not be around to reap the benefits. Here, Wife worked and raised three children while Husband completed two master's degrees. This is an economic factor which supports a disproportionate division of property.

Husband asserts the disproportionate division of property and the $50,000 he was ordered to pay is an indirect attempt to divide his teachers retirement benefit. He cites *Kieninger v. Catlett,* 854 S.W.2d 59 (Mo.App.1993), *Gismegian v. Gismegian,* 849 S.W.2d 201 (Mo.App.1993), and *Mallams v. Mallams,* 861 S.W.2d 822 (Mo.App.1993), as basis for his claim that the trial court improperly considered the teachers retirement fund in dividing the property.

However, the record reflects that the trial court did consider these appellate court decisions and the provisions of § 169.572, which says that Husband's teachers retirement benefits are non-marital property. In its judgment, the trial court makes it very clear that it did not consider Husband's retirement benefits as marital property when dividing the property. The trial court cited the same three cases as Husband mentioned in its Judgment of Dissolution. It is clear that the trial court did not consider the retirement benefits as divisible in the division of marital property, but did, under § 452.330(3) consider the sizable amount of non-marital property set aside to Husband.

Section 169.572 provides that a party's benefits in the Public School Retirement System of Missouri may be considered in the same manner as Social Security benefits by the court in fashioning an equitable division of marital property.

Appellate decisions of this state have held that although not divisible, the Social Securi-

ty benefits of one spouse, or potential benefits, may be considered like any other separate property by the court in determining an equitable division of marital property. *Hogan v. Hogan,* 796 S.W.2d 400, 407 (Mo.App. 1990). *See generally Rudden v. Rudden,* 765 S.W.2d 719 (Mo.App.1989). "Thus, while unassignable as marital or separate property, the benefits or potential benefits are economic factors to be considered, along with other factors in the disposition of marital property and the award of allowances." *Rudden v. Rudden,* 765 S.W.2d at 720.

Because Husband's retirement benefits were to be considered in the same manner as Social security benefits, by statute, the court was correct in considering Husband's benefits as an economic factor to be weighed in dividing the marital property.

The economic circumstances of the parties at the time of the trial provide further support for the court's division of property. Husband was 55 years of age. He had a bachelor's degree in education and two master's degrees. He held secure employment as a teacher which paid him $38,440 annually. Husband was eligible to retire at the time of the trial with an unreduced monthly pension of $1,827.04.

In contrast, Wife, at 52 years of age, had only a high school diploma. She had a job with tenuous job security at a salary of about $25,000 per year. She had accrued retirement benefits with Allied Signal of $118 per month. Wife would not be eligible to receive that sum until 13 years in the future.

Husband's more stable economic circumstances, both in salary and retirement, were in part due to Wife's foregoing her education, working, and child rearing. Wife was in a far more fragile position at the time of the dissolution.

The trial court's unequal division of marital property here did not result in an abuse of discretion.

Judgment affirmed.

All concur.