Cheryl D. **GERSTNER**, Respondent,

v.

Kevin D. **GERSTNER**, Appellant.

No. WD 55278.

Missouri Court of Appeals, Western District.

Jan. 5, 1999.

Richard T. Brewster, Jr., Kansas City, MO, for appellant.

Charles E. Weedman, Jr., Harrisonville, MO, for respondent.

Before HANNA, P.J., ELLIS and RIEDERER, JJ.

RIEDERER, Judge.

Kevin Gerstner appeals from the Cass County Circuit Court's judgment of dissolution dividing the marital estate and (1) awarding him the court appraised $13,500.00 proceeds of a certificate of deposit and (2) valuing his plumbing business at $35,300.00. The CD was no longer in existence as of the date of trial, and since, absent evidence that its proceeds were squandered, the marital property is to be valued as of the date of trial, these proceeds should not have been assigned any value at all. We reverse.

### Facts

On October 10, 1996, Respondent filed a petition for legal separation. Appellant responded with a counter-petition for dissolution of marriage on January 17, 1997. On October 31, 1997, Respondent filed a first amended petition for dissolution of marriage in which she requested that the court award a disproportionate share of the marital property to her based on alleged marital misconduct by Appellant. That same day, the circuit court heard evidence regarding the parties' respective petitions for dissolution of marriage.

The parties agree that the CD, whatever its value, was marital property. It is unclear what the exact value of the CD was when Appellant redeemed it. Appellant testified that it was "thirteen thousand and something," while Respondent testified that the value was $14,500. In any event, Appellant used approximately $9,000 of the proceeds to pay off a note held by Bank 10 for which he and Respondent were liable as guarantors. Appellant also used $3,000 of the proceeds to make a down payment on his purchase of a new 1996 Ford pickup for use in his business, a sole proprietorship, Gerstner Plumbing. Appellant testified that he thought he put the remainder of the proceeds into a Gerstner Plumbing bank account.

In its division of the marital estate, the trial court awarded the proceeds of the CD, which it valued at $13,500.00, to Appellant.

The court also awarded to Appellant Gerstner Plumbing together with all its inventory, tools, equipment, vehicles, trailers, accounts receivable and bank accounts at an appraised total value of $35,300.00. The court did not consider any marital misconduct by Appellant in its findings.

## Standard of Review

The provisions in a divorce decree will be affirmed unless there is no substantial evidence to support them, they are against the weight of the evidence or they either erroneously declare or apply the law. *Crews v. Crews*, 949 S.W.2d 659, 663 (Mo.App.1997). The party challenging the divorce decree has the burden of demonstrating error. *Id.*

## Discussion

In his first point on appeal, Appellant claims that the trial court erred in awarding him the proceeds of a certificate of deposit valued at $13,500.00. Specifically, Appellant argues that those proceeds were not in existence on the date of trial, the date for valuing marital property in a dissolution proceeding. *Taylor v. Taylor*, 736 S.W.2d 388, 391 (Mo. banc 1987). Appellant further argues that in the absence of evidence that a party secreted or squandered funds in anticipation of divorce, those exhausted funds will not be awarded to the party. *Witt v. Witt*, 930 S.W.2d 500 (Mo.App.1996).

Section 452.330[1] provides factors that a court may consider in a proceeding for disposition of marital property following the dissolution of a marriage. Such factors include:

(1) economic circumstances of each spouse;

(2) each spouse's contribution to the acquisition of the marital property;

(3) value of the nonmarital property set apart to each spouse;

(4) conduct of the parties during the marriage; and

(5) custodial arrangements for minor children.

§ 452.330.1. "Marital property" is further defined as all property acquired by either spouse subsequent to the marriage except:

(1) property acquired by gift, bequest, devise, or descent;

(2) property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise, or descent;

(3) property acquired by a spouse after a decree of legal separation;

(4) property excluded by valid written agreement of the parties; and

(5) the increase in value of property acquired prior to the marriage or pursuant to subdivisions (1) to (4) of this subsection, unless marital assets including labor, have contributed to such increases and then only to the extent of such contributions. § 452.330.2. Per § 452.330, the trial court must divide the marital property in a just manner, but a just division does not necessarily mean an even one. *Id.* (citing *Woolsey v. Woolsey*, 904 S.W.2d 95, 100 (Mo.App. 1995)). The mere fact that one party is awarded a higher percentage of marital assets than the other is not by itself an abuse of discretion. *Lenger v. Lenger*, 939 S.W.2d 11, 14 (Mo.App.1997).

Respondent counters by citing a case in which a husband spent $145,000 the week before his divorce trial to pay taxes and pay off a debt owed to his father, only to have that money credited to his share of the marital estate by the court. *S.L.J. v. R.J.*, 778 S.W.2d 239 (Mo.App.1989). In affirming the lower court's decision in *S.L.J.*, we noted that although the trial court did not explicitly say that the money had been "squandered" by the husband, there was enough evidence to support such a conclusion. *Id.* at 244.

This Appellant, much like the husband in *S.L.J.*, had no compelling *need* to spend the CD proceeds when he did. However, unlike in *S.L.J.*, we cannot characterize Appellant's expenditures as a squandering of marital funds for two reasons. First, Appellant used the money to satisfy in full a previous bank debt and to purchase a truck for which he may have had a legitimate business need.

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

The rest of the CD proceeds were likely deposited back into the marital coffer, be it a Gerstner Plumbing bank account or Appellant's personal account. These disbursements are not so unwarranted as to be considered squandering marital funds. Second, since the bank debt was a marital debt and the business's assets were marital property, reducing that debt increased the value of the marital estate attributable to the business's assets by a commensurate amount, and making a $3,000 down payment on that truck increased the value of the marital estate attributable to that truck by an equal amount. This is not squandering an asset. *In re Marriage of Wild,* 774 S.W.2d 543, 547 (Mo.App.1989). While the truck may be a wasting asset to which the down payment money will some day cease to be traceable, only about one year elapsed between the time that Appellant purchased the truck and the date of trial. The effect of his expenditures on the aggregate value of the marital estate was, at most, insubstantial, and there is no evidence in the record that the proceeds of the CD were wasted or secreted.

Since Appellant did not squander the CD proceeds, the date for determining the value of the CD was the date of dissolution. On that date, the value of the CD was zero. The value assigned to the CD was such a substantial portion of the entire marital estate that recalculation of the division is required. The trial court must recalculate the value of the Gerstner marital estate without considering the proceeds of the CD. We need not address Point II, for although there is evidence to support the court's valuation of the business, that valuation and subsequent division of marital property must be made in the context of the proper value of the certificate of deposit.

The judgment of the trial court is reversed with respect only to the division of marital property and remanded for further proceedings consistent with this opinion.

HANNA, P.J., and ELLIS, J., concur.