**Mayetta Norlene LAFFEY,
Respondent,**

v.

**Patrick Isaac LAFFEY, Appellant.**

**No. WD 56168.**

Missouri Court of Appeals,
Western District.

Submitted July 21, 1999.

Decided Nov. 9, 1999.

Patrick E. Richardson, Green City, for Appellant.

James A. Rahm, Carrollton, for Respondent.

Before RIEDERER, P.J.; SMART and ELLIS, JJ.

### OPINION AND ORDER

PER CURIAM:

Patrick Isaac Laffey ("Husband") appeals the judgment of the trial court dissolving his marriage to Mayetta Norlene Laffey ("Wife"). Husband challenges the trial court's division of property and award of maintenance and attorneys' fees to Wife. In this opinion, we resolve issues related to the valuation of litigation claims and the overall fairness of the property distribution. Husband also claims that the trial court erred in sustaining objections to questions posed to Wife about litigation claims. Husband also challenges the award of maintenance and the award of attorney's fees. Finding the rulings on those contentions to be without precedential value, we hereby affirm the trial court on those rulings, and, pursuant to Rule 84.16(b), provide the analysis in a separate memorandum furnished to the parties. The judgment is affirmed.

### Factual Background

The parties were married on July 12, 1959. Four children were born of the marriage, all of whom are now emancipated. On May 13, 1996, Wife filed a petition for legal separation. She later filed a petition asking the court to dissolve her marriage to Husband, award her maintenance, award her costs and attorneys' fees, and divide the marital property.

Husband was a farmer throughout the marriage. Wife spent most of the years of

the marriage as a homemaker, although at times she worked as a secretary and operated a fabric and gift store. In 1990, Wife obtained an Associate Business Degree and began to work as a part-time substitute teacher and as a secretary.

Wife has a severe case of diabetes. She must test her blood twice daily and take insulin. In June 1994, Wife fell and broke her hip. She had to have a total hip replacement and now has an open wound on the hip. Later that same year, wife broke both her leg and her shoulder. Wife is physically disabled and requires a wheelchair. Her extensive medical problems require continuing treatment. Wife has a personal injury claim relating to a fall she took on a sidewalk at a friend's house. The fall resulted in her artificial shoulder joint popping out and her right arm being broken. Wife also has a separate suit against Dr. Cal Greenlaw, claiming that he was negligent in prescribing steroids and other medications causing her bones to be weak and break easily. The parties disagreed as to the value of Wife's claims and Husband's collateral claims. When the trial court divided the claims, it assigned no value to them, finding that "any substantial recovery at a future date may be a basis for a modification of maintenance, but the Court does not find that it should further impact the division of marital property."

In July 1995, Husband ceased paying the premium on Wife's health insurance, complaining that it cost too much. Wife receives Social Security disability payments of $107.00 per month and Medicare. Medicare pays 80% of her medical bills, with the exception of prescription medication and certain tests.

Husband had a drinking problem for which he went to an alcohol rehabilitation center. In 1995, Husband began a sexual relationship with another woman. Husband denied the relationship until the day before the trial, when he admitted to the adultery in supplementary interrogatory answers.

After setting apart the parties' separate property, the trial court divided the marital property as follows:

| WIFE | |
|---|---|
| **Property** | |
| Real Estate | $212,800.00 |
| Personal Property | 8,125.00 |
| Medical Malpractice Suit (Pending) | No assigned value |
| Personal Injury Claim (Pending) | No assigned value |
| TOTAL | $220,925.00 |
| | |
| **Debt** | |
| Medical Bills | $ 91,035.00 |
| CPA | 250.00 |
| TOTAL | $ 91,285.00 |
| NET | $129,640.00 (52%) |

| Husband | |
|---|---|
| **Property** | |
| Real Estate | $204,000.00 |
| Farm Equipment | 146,616.00 |
| Personal Property | 45,819.00 |
| Collateral Interest in Malpractice Suit | No assigned value |
| Collateral Interest in Personal Injury Suit | No assigned value |
| TOTAL | $396,435.00 |
| | |
| **Debt** | |
| Farm Credit Services | $152,443.00 |
| Income Taxes, Penalty & Interest 1990–1995 | 105,000.00 |
| Income Taxes, Penalty & Interest 1997 | 14,874.00 |
| 1997 Property Tax | 2,157.00 |
| CPA | 2,300.00 |
| 1997 Farm Operating Expenses | No assigned value |
| TOTAL | $276,774.00 |
| NET | $119,661.00 (48%) |

Husband was assigned non-marital property valued at $34,000.00. The non-marital property assigned to Wife consisted of three items of tangible personal property of apparently minor value.

Husband filed a timely motion to amend or modify the judgment. The trial court amended its judgment to address the issue of crops growing on land that was awarded Wife. The court ordered Husband to continue to be responsible for crop production, including costs, and Wife to be responsible for maintenance, taxes and certain transportation expenses. Wife was given a one-third interest in the crops and Husband was awarded the remaining two-thirds. In all other respects, Husband's motion was denied.

Husband appeals the judgment.

### Standard of Review

■ We review under the guidelines established in *Murphy v. Carron*, 536

S.W.2d 30 (Mo. banc 1976). Thus, we will affirm the decision of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32; *Al–Yusuf v. Al–Yusuf,* 969 S.W.2d 778, 783 (Mo.App.1998). We give deference to the trial court's superior ability to view the witnesses and determine credibility; it is free to believe or disbelieve all, part or none of the testimony given by any of the witnesses. *Price v. Price,* 921 S.W.2d 668, 671 (Mo.App.1996). Accordingly, we accept the evidence and inferences favorable to the trial court's ruling and disregard contrary evidence. *Mehra v. Mehra,* 819 S.W.2d 351, 353 (Mo. banc 1991). We defer to the trial court's decision, even if the evidence could support a different conclusion. *Lee v. Lee,* 967 S.W.2d 82, 84 (Mo.App.1998).

### Failure to Value Personal Injury Claims

In Point I, Husband contends that the trial court erred in dividing the parties' marital property without first assigning a value to the pending personal injury claim and the pending medical malpractice suit.[1] He claims that the court erred in finding that these claims had no impact on the division of marital property because it resulted in a grossly unjust and unfair division of property.

■ Husband cites *Al–Yusuf,* 969 S.W.2d 778, *Jobe v. Jobe,* 708 S.W.2d 322 (Mo.App.1986), and *McClement v. McClement,* 681 S.W.2d 500 (Mo.App.1984), for the proposition that unliquidated claims for damages arising from personal injury during the marriage are marital property. Wife does not dispute this. However, none of the cases cited by Husband support his theory that the trial court was required to assign a value to the claims.

*Al–Yusuf* and *Jobe* simply support the proposition that the claims were marital property. In *McClement,* the court held that it was not error for the trial court not to assign a value to the spouse's personal injury claim. The court, noting that the value of the personal injury claim was minimal and incidental, found that the distribution of the claim to the wife without valuing it did not "upset the fairness and equity of the property division." *Id.* at 503. Husband argues by inference from *McClement* that if a claim is not "minimal and incidental," it must be valued by the trial court. We disagree. In some cases, the evidence of value may be sufficiently clear and uncontroverted that the court may proceed to place a value on the claim. *McClement* does not hold that the dissolution court must value every unliquidated claim; it merely rebuffed the challenge in that case by noting that even had the claim been valued, it would have been an incidental amount. Husband fails to present any other authority that the court in this case erred in failing to value the claims.

In the instant case, the trial court divided the marital property, with approximately 52% awarded to Wife and 48% awarded to Husband. Neither party requested specific findings under Rule 73.01(a)(2). The trial court assigned Wife her interest in both claims and Husband his collateral interest in both claims. It placed no assigned value on the claims, finding that "any substantial recovery at a future date may be a basis for a modification of maintenance, but the Court does not find that it should further impact the division of marital property." In his appeal, Husband admits, "the value of the personal injury claim and malpractice lawsuit cannot now be determined with certainty."

■ Both parties offered widely disparate testimony as to the value of the two

---

1. In the argument portion of his brief, Husband claims that the trial court should have placed a value on the farm operating expense and should not have included certain proceeds from pension funds in the division. However, these claims were not raised in Husband's point relied on and will not be considered by this court. *See Martin v. McNeill,* 957 S.W.2d 360, 366 (Mo.App.1997).

claims. The evidence was highly speculative. There was testimony that Farm Bureau Insurance Company offered $100,-000.00 to settle the personal injury claim and that Wife had submitted a counter-demand of $300,000.00. Wife is demanding damages of $1,000,000.00 in her medical malpractice action, but there was no evidence presented as to what the claim was actually worth or her chances of collecting. Moreover, Husband failed to provide any valuation of Husband's collateral interest in the suits. In view of the fact that the evidence of values of the claims was very uncertain, and in view of the fact that the trial court provided for the maintenance to be modifiable in the event of a significant change in Wife's financial circumstances, we hold that the trial court did not err in failing to place a value on Wife's personal injury claims.

### Overall Fairness

Husband also challenges the overall fairness of the trial court's division of property. Section 452.330.1, RSMo Supp.1998, directs that "the court shall set apart to each spouse his nonmarital property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors. . . ." The five factors enumerated in § 452.330 that the court is directed to consider are: (1) the economic circumstances of each spouse; (2) the contribution of each spouse to the procurement of the marital property; (3) the set-off of nonmarital property; (4) the parties' conduct during the marriage; and (5) the custodial arrangements for minor children. Marital property, according to § 452.330.2, includes all the property acquired by a spouse after the marriage save for certain categories of property.

The trial court is vested with great flexibility in its division of marital property. *Woolridge v. Woolridge,* 915 S.W.2d 372, 376 (Mo.App.1996). There is no set formula concerning the weight given to the factors given consideration under § 452.330. *Id.* The division need not be equal but must be fair and equitable given the circumstances of the case. *Dardick v. Dardick,* 670 S.W.2d 865, 869 (Mo. banc 1984). There are two major principles that the court must follow in dividing marital property. *Holt v. Holt,* 976 S.W.2d 25, 28 (Mo.App.1998). First, the property division should reflect the concept of marriage as a partnership or shared enterprise. *Id.* Second, the division should be used as a means of providing for an economically dependent spouse. *Id.*

This court will interfere only where the division is so unduly favorable to one party that it constitutes an abuse of discretion. *Id.* We presume that the trial court's division is correct and the party challenging it bears the burden of overcoming that presumption. *Knapp v. Knapp,* 874 S.W.2d 520, 524 (Mo.App. 1994). That one party is awarded a higher percentage of marital assets does not *per se* constitute an abuse of the trial court's discretion. *Gremaud v. Gremaud,* 860 S.W.2d 354, 356 (Mo.App.1993). "[A] just division does not necessarily mean an even one." *Gerstner v. Gerstner,* 983 S.W.2d 608, 610 (Mo.App.1999).

In this case, the trial court's order reflects that it considered the economic circumstances of the parties in its division, pointing out that it considered "the contribution of each spouse to the acquisition of the marital property, including the contribution of [Wife] as a homemaker for most of this 38 year marriage[.]" There is no express finding of marital misconduct, but it is apparent that the court considered all of the relevant factors. We find no abuse of discretion. Point I is denied.

### Conclusion

The judgment is affirmed. A memorandum discussing the points not covered in this opinion has been furnished to the parties pursuant to Rule 84.16(b).