In re The Marriage of Penelope Marie CRENSHAW, Petitioner–Respondent,

v.

Richard Vernon CRENSHAW, Respondent–Appellant.

No. 15761.

Missouri Court of Appeals, Southern District, Division Two.

May 17, 1989.

Kenneth L. Dement, Jr., Drumm, Winchester & Dement, Sikeston, for respondent-appellant.

Terry R. Ottinger, Blanton, Rice, Sidwell & Ottinger, Sikeston, for petitioner-respondent.

MAUS, Judge.

In this dissolution action the trial court set apart certain separate property and distributed the marital property to the parties. The husband appeals. His sole point on appeal is that the trial court erred in awarding "to Wife ... assets having more than twice as much value as the assets awarded to Husband...."

To support his point, the husband argues that the gross value of the property awarded to his wife was $127,223 (59.4 percent) while the gross value of property awarded to him was $86,900 (40.6 percent). After deducting the debts charged to each party, he contends his net value equals $33,900 while his wife's net value is $107,223. This he says results in him receiving only 24 percent of the marital property while his wife receives 76 percent of the marital property. He argues in so distributing the marital property, the trial court erred in failing to properly consider the four factors specifically enumerated in § 452.330.1.

The husband's argument is premised upon a distribution of marital property which is reflected in the following summary:

| WIFE | | HUSBAND | |
|---|---|---|---|
| 120-acre farm | $108,000 | Farm Machinery | $65,000 |
| Vehicle | 5,000 | Vehicles | 4,500 |
| Household goods | not valued | Household goods | not valued |
| Intangibles | 14,223 | Intangibles | 9,900 |
| | | Misc. personalty | 7,500 |
| | 127,223 | | 86,900 |
| Less debts | 20,000 | | 53,000 |
| | 107,223 | | 33,900 |

The argument by which the husband supports his point includes the following assertions. The contribution of each spouse to the acquisition of the marital property was substantially equal. The husband's income from farming was only $454 per month while his wife earned $1,028 every two weeks as a postal employee. In addition he cites the wife's monthly trust income of $350. The parties' major asset, a 120–acre farm valued at $108,000, was awarded to the wife. The husband emphasizes that this property division deprives him of all his rent-free land. He concludes the court has effectively deprived him of making a living as a farmer.

"[I]t was for the trial court to resolve the conflicts in the evidence and to weigh all relevant factors considered in dividing the marital property." *In Re Marriage of DeFrates*, 711 S.W.2d 555, 557 (Mo.App. 1986). "Consequently, the trial court is

vested with considerable discretion in dividing marital property and an appellate court will interfere only if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion." *Dardick v. Dardick,* 670 S.W.2d 865, 869 (Mo. banc 1984). Also see *Colabianchi v. Colabianchi,* 646 S.W.2d 61, 64 (Mo. banc 1983).

The husband's arguments supporting his point ignore many relevant factors. These factors include the following. In addition to the marital property included in the foregoing summary, the husband received the following: 4,500 bushels of milo valued at $10,000 and unlisted farm machinery valued at $4,322; a check from Bunge Corporation (a grain dealer) in the amount of $6,160.57, which he deposited into an account which he had not disclosed; and a check from Bunge in the amount of $8,345.29 for corn, which he endorsed back to Bunge for PIC certificates. In addition, he had received the proceeds from the 1987 harvest of 168 acres of soybeans, 118 acres of wheat and 68 acres of corn. The record does not present even an estimate of the value of these proceeds.

The husband does acknowledge the parties purchased the 120–acre farm in 1971 for $50,000. He further concedes the wife invested $23,000 of her separate funds in the purchase price. He does not deduct that investment of separate funds from the value of the marital property he assigns to the wife. Neither party cites *Hoffmann v. Hoffmann,* 676 S.W.2d 817 (Mo. banc 1984). "The significant substantive change that *Hoffmann* and the source of funds rule makes is that the full value of the property, including the increased value due to economic or market forces, must be classified separate and marital *in proportion* to the separate and marital contributions to its acquisition or improvement." Krauskopf, The Transmutation and Source of Funds Rules in Division of Marital Property, 50 Mo.L.Rev. 759, 774 (1985) (emphasis in original). By the application of that rule, $49,680 of the 1988 value of the $108,-000 farm represented separate funds of the wife.

When these factors are considered, the net value of marital property awarded to the husband is $48,222. In addition, he has $14,505 from Bunge Corporation and the proceeds of the 1987 harvest of an undisclosed amount. When the source of the funds rule is considered, the net value of the marital property awarded to the wife is $57,343. Discussion of other relevant factors is unnecessary. When the foregoing factors are considered, it is apparent the division of the marital property is not so heavily weighted in favor of the wife as to amount to an abuse of discretion. ·Cf. *Dardick v. Dardick,* supra; *Costley v. Costley,* 717 S.W.2d 540 (Mo.App.1986). The judgment of the trial court is affirmed.

FLANIGAN, P.J., and PREWITT, J., concur.

HOGAN, J., not participating.