**In re the MARRIAGE OF Henry O. MILLER and Wilma M. Miller.**

**Henry O. MILLER, Plaintiff–Respondent,**

v.

**Wilma M. MILLER, Defendant and Third–Party Plaintiff–Appellant,**

v.

**Frank H. MILLER, Third–Party Defendant.**

**No. 17054.**

Missouri Court of Appeals, Southern District, Division One.

April 4, 1991.

Ronald J. Fuller, Rolla, for plaintiff-respondent.

John L. Woodward, Woodward and Associates Law firm, P.C., Cuba, for defendant and third-party plaintiff-appellant.

MAUS, Presiding Judge.

In this action for dissolution, the trial court dissolved the marriage of the parties. The decree disposed of their property by awarding designated items to husband Henry O. Miller and other designated items to wife Wilma M. Miller. Wife appeals that award of property. She states three points on appeal.

Wife's first point is that the trial court erred in failing to determine whether these items of property were separate or marital property and in failing to set aside the separate property of each party. Section 452.330 RSMo Supp.1990 controls the division of property in dissolution proceedings. That statute in part provides:

"In a proceeding for dissolution of the marriage ... the court *shall* set apart to each spouse his nonmarital property and *shall* divide the marital property in such proportions as the court deems just after considering all relevant factors...." (Emphasis added.)

The language of § 452.330.1 mandates a two-step process by the trial court.

"First, the court must set apart to each spouse his or her separate property. Second, the court must divide the remaining marital property. A *finding* of what determines marital property *must precede the division of marital property.* The trial court must make specific findings *as to whether each asset or class of assets is marital property subject to division or non-marital property belonging to a spouse individually.* Such an identification of property is the necessary antecedent of a subsequent just division of marital property. *In re Marriage of MacBeth,* 622 S.W.2d 720, 723 (Mo.App.1981); *Glascock v. Glascock,* 607 S.W.2d 834, 835 (Mo.App.1980); *Hopkins v. Hopkins,* 597 S.W.2d 702, 709 (Mo.App.1980)." *Bishop v. Bishop,* 658 S.W.2d 512, 514 (Mo.App.1983). (Emphasis added.)

There may be instances where it is not error for a trial court to fail to expressly designate the parties' separate property and their marital property. This is not such a case. In 1959, before the marriage, husband purchased a house and lot for $8,000. The property was titled in husband's name alone. After the marriage in 1964, payments were made on the mortgage and improvements were made to the house during their marriage. There was evidence the source of funds for some of those payments and improvements was the separate property of the wife. By her second point, the wife asserts the property was transmuted into marital property. In 1974, the husband executed a voluntary conveyance of the property to his son, reserving a life estate. The wife filed a third party petition against the son to set aside the conveyance. See *Ravenscroft v. Ravenscroft,* 585 S.W.2d 270 (Mo.App.1979). The trial court denied this third party petition but incongruously awarded the husband a life estate in the property. By her third point, the wife attacks the effectiveness of the voluntary conveyance to defeat her claim to the house as marital property.

Apparently, the trial court assumed the property was freed of the wife's claims by the voluntary conveyance executed by the husband. No case has been cited to establish this proposition.

" 'The significant substantive change that *Hoffmann* [*v. Hoffman*, 676 S.W.2d 817 (Mo. banc 1984) ] and the source of funds rule makes is that the full value of the property, including the increased value due to economic or market forces, must be classified separate and marital *in proportion* to the separate and marital contributions to its acquisition or improvement.' Krauskopf, The Transmutation and Source of Funds Rules in Division of Marital Property, 50 Mo.L.Rev. 759, 774 (1985) (emphasis in original)." *Crenshaw v. Crenshaw*, 770 S.W.2d 729, 730 (Mo.App.1989).

These are among the factors that make it imperative that the two-step procedure prescribed by § 452.330.1 be followed in this case.

The trial court made no finding concerning the source of funds for the mortgage payments and improvements nor any finding concerning transmutation. It did not take cognizance of the provision that marital property includes property acquired subsequent to marriage except "(5) [t]he increase in value of property acquired prior to the marriage ... unless marital assets including labor, have contributed to such increases and then only to the extent of such contributions." § 452.330.2(5).

The judgment merely disposes of all property by awarding it to one party or the other without determining what was separate property and what was marital property. "Because of this deficiency in the judgment it is impossible to determine on appeal whether the court made a just division of the marital property in accordance with § 452.330, RSMo 1978 and the cause must be remanded for further proceedings." *In re Marriage of MacBeth*, 622 S.W.2d 720, 723 (Mo.App.1981).

The portion of the judgment dissolving the marriage is affirmed. The remainder of the judgment on the husband's petition and wife's cross-bill and wife's third party petition is reversed. The cause is remanded for further proceedings not inconsistent with this opinion.

PREWITT and CROW, JJ., concur.