**In re the MARRIAGE OF: Edna Elizabeth STEELE and George Dewey Steele.**

**Edna Elizabeth STEELE, Petitioner–Appellant,**

v.

**George Dewey STEELE, Respondent.**

**No. 18019.**

Missouri Court of Appeals, Southern District, Division Two.

Dec. 8, 1992.

George Baldridge, Joplin, for petitioner-appellant.

No appearance for respondent.

PREWITT, Judge.

Petitioner appeals from a dissolution of marriage decree. In her brief she contends that the trial court erred in failing to designate property as either separate or marital property and in the division of that property. Respondent has not filed a brief. Appellant's first point, failure to designate the property, has merit.

Section 452.330, RSMo Supp.1990, controls the division of property in a dissolution proceeding. It mandates a two-step process by the trial court: (1) the court must set aside to each spouse his or her separate property, and (2) divide the remaining marital property. *In re Marriage of Miller*, 806 S.W.2d 516, 517 (Mo.App. 1991). The trial court must make specific findings as to whether each asset or class of assets is marital property subject to division or nonmarital property belonging to a spouse individually. *Id.*

As *Miller* notes, 806 S.W.2d at 517, there may be instances where it is not

error for a trial court to fail to expressly designate the parties' marital property, but this is not such a case. Until a decision is made as to whether certain property is separate, this court can not adequately determine whether a just division of marital property occurred.

Nor can this court properly determine what should have been designated as separate property. The evidence regarding several accounts of funds deposited with financial institutions and the source of funds for improvements to the marital home was largely based on the parties' oral testimony. Credibility of witnesses is largely vested in the discretion of the trial judge. See Rule 73.01(c)(2). *In re Marriage of Dempster,* 809 S.W.2d 450, 456 (Mo.App.1991).

The portion of the judgment dissolving the marriage, awarding attorney fees, and restoring petitioner her prior name is affirmed. The remainder of the judgment including the amendment thereto is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

FLANIGAN, C.J., and MAUS, J., concur.