Melvin Joseph SCHULTE,
Plaintiff–Respondent,

v.

Cynthia Lynn SCHULTE,
Defendant–Appellant.

No. 65360.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 14, 1995.

Lee R. Elliott, Troy, for appellant.

Robert M. Wohler, O'Fallon, for respondent.

KAROHL, Judge.

Wife appeals property disposition provisions in decree of dissolution of marriage. Specifically, she argues errors in disposition of husband's retirement and pension plans. The court did not dispose of all property in the decree. We reverse and remand for that purpose.

The parties married July 17, 1991, separated November 4, 1992, and divorced November 16, 1993. During their marriage, husband worked for M.E.M.C. Electronic Materials, Inc. He participated in both its pension and retirement savings plans. Husband's financial statement indicated the value of his retirement fund was $1465. He testified his employer contributed sixty cents on the dollar to this plan. Wife's effort to have husband speculate in terms of dollars as to how much the plan was worth was timely objected to and sustained by the court. The decree referred only to a retirement savings plan and not to the pension plan. The paragraph in the decree at issue reads as follows:

4. It is agreed between the parties that both Petitioner and Respondent waive any and all marital interest which they may have in any checking and savings accounts. Petitioner shall receive his non-marital IRA and shall pay to Respondent $____ as for her interest in the MEMC Electronic Materials, Inc. Retirement Savings Plan.

On appeal, wife presents one point: The trial court erred in leaving a blank in the decree of dissolution, paragraph 4, representing the court's award to wife of a portion of husband's marital retirement savings plan, because it is ambiguous as to whether that property had been awarded and, if so, in what manner.

■ The trial court has a duty to set aside to each spouse non-marital property and divide all marital property. Section 452.330 RSMo 1986. The trial court cannot abdicate its jurisdiction to decide parties' property rights. *Meltzer v. Meltzer,* 775 S.W.2d 120, 121 (Mo. banc 1989).

■ Here, the court failed to clearly and definitely dispose of both the pension and retirement plans. It is indecisive as to whether the retirement plan is marital or

non-marital, although it suggests that it is marital. The decree fails to designate who gets what interest in the retirement savings plan, or plans; the value of the plans; and wife's interest, if any. It appears there was evidence of (1) a non-marital IRA belonging to husband, (2) a pension plan, and (3) a retirement savings plan. At best, the judgment is incomplete for failing to distribute these holdings in violation of § 452.330 RSMo 1986. The court has a statutory, mandatory duty to designate the property as marital or non-marital and divide. We reverse and remand for that limited purpose.

Husband's motion for sanctions denied.

We reverse and remand.

AHRENS, P.J., and SIMON, J., concur.