**In re the Marriage of Allen N. FLETCHALL, Appellant,**

v.

**Loes J. FLETCHALL, Respondent.**

**No. WD 49491.**

Missouri Court of Appeals, Western District.

April 25, 1995.

Theodore M. Kranitz, St. Joseph, for appellant.

Allan D. Seidel, Trenton, for respondent.

Before SPINDEN, P.J., and ULRICH and SMART, JJ.

SPINDEN, Presiding Judge.

Allen N. Fletchall appeals the trial court's apportionment of property and award of maintenance in this dissolution of marriage. He complains that the trial court commingled nonmarital property with marital property in dividing the marriage assets. He also complains that the trial court abused its discretion in awarding $300 a month maintenance to Loes J. Fletchall because she was capable of earning a living as an accountant and had quit her accounting business voluntarily. We conclude that the case must be remanded for the trial court to separate nonmarital property from marital property.

In dividing the property, the trial court found in its decree that Allen Fletchall had brought nonmarital property into the marriage: "Lot 24 Goodsill's Addition to Grant City, MO, and a lot purchased from Venita Fletchall in 1968[.]" This was the only reference in the decree to nonmarital property. Loes Fletchall acknowledges that she and her former husband each brought other nonmarital property into the marriage and that "the Trial court did not specifically set aside to each their separate property in the Decree of Dissolution of Marriage[.]" She argues, however, that each received their nonmarital property, so the decree should be affirmed.

■ Section 452.330.1, RSMo 1994, says:

In a proceeding for dissolution of the marriage or legal separation, or in a proceeding for disposition of property following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court shall set apart to each spouse his nonmarital property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors[.]

Before the trial court can satisfy this mandate, it must find what is and what is not marital property. This requires " 'specific findings as to whether each asset or class of assets is marital property.... Such an identification of property is the necessary antecedent of a subsequent just division of marital property.' " *In re Marriage of Miller,* 806 S.W.2d 516, 517 (Mo.App.1991) (quoting *Bishop v. Bishop,* 658 S.W.2d 512, 514 (Mo.App.1983)).

■ Loes Fletchall argues "no harm, no foul" because the trial court gave her former husband all the nonmarital property he claimed. This, however, overlooks the trial court's mandate to determine the equity of its division. Unless the trial court has identified the nonmarital property and set it aside in its division, this court in reviewing the division not only cannot make a determination of whether the division was just, we cannot properly determine whether nonmarital property was properly identified and set aside. *In re Marriage of Steele,* 844 S.W.2d 104, 105 (Mo.App.1992). It also overlooks the trial court's reference to the schedule as its order dividing "marital property."

Hence, we reverse the trial court's division of property and remand for the trial court to make proper determinations concerning marital property. Until the trial court does this, we cannot review Allen Fletchall's second point concerning the equity of the trial court's division.

■ Nor can we review his third point concerning the trial court's award of maintenance until the trial court has revisited its division of property. Section 452.335.1(1), RSMo 1994, requires that before awarding maintenance, the trial court find that the party seeking maintenance "[l]acks sufficient property, including marital property apportioned to him, to provide for his reasonable needs[.]" The court must also consider the property division in determining the amount of maintenance. Section 452.335.2(5), RSMo 1994. Because the trial court may reapportion the property on remand, we cannot review the maintenance award at this time.

All concur.