In re the MARRIAGE OF ECK.

**William F. ECK, Petitioner–Respondent,**

v.

**Elizabeth A. ECK, Respondent–Appellant.**

No. 19791.

Missouri Court of Appeals,
Southern District,
Division Two.

July 26, 1995.

William B. Gillespie, Clayton, for respondent-appellant.

Martin Mazzei, Mazzei and Broshot, Steelville, for petitioner-respondent.

SHRUM, Chief Judge.

William F. Eck (Husband) brought a dissolution of marriage case against Elizabeth Ann Eck (Wife). Wife filed a cross-claim in which she asked for maintenance, attorney fees, division of marital property, court costs, and restoration of her former name. At trial, Wife withdrew her request for attorney fees but testified in support of her other cross-claim requests. By its judgment, the trial court: (1) dissolved the marriage; (2) restored Wife's former name; (3) ordered Husband to pay court costs; (4) declared that neither party had requested maintenance, and, therefore, "both parties have waived their rights to maintenance"; and (5) divided real and personal property without declaring its status as marital or nonmarital.

In her brief, Wife contends that the trial court erred in failing to designate property as either separate or marital property (Point I) and in the division of that property (Point II). She also claims that the trial court erred when it denied maintenance based upon a finding that Wife waived her right to claim maintenance (Point III).

Wife's first point, failure to designate the property, has merit. What was said in *In re Marriage of Steele*, 844 S.W.2d 104 (Mo.App.1992), governs this case.

"Section 452.330, RSMo Supp.1990, controls the division of property in a dissolution proceeding. It mandates a two-step process by the trial court: (1) the court must set aside to each spouse his or her separate property, and (2) divide the remaining marital property. *In re Marriage of Miller*, 806 S.W.2d 516, 517 (Mo.App. 1991). The trial court must make specific findings as to whether each asset or class of assets is marital property subject to division or nonmarital property belonging to a spouse individually. *Id.*

"As *Miller* notes, 806 S.W.2d at 517, there may be instances where it is not error for a trial court to fail to expressly designate the parties' marital property, but this is not such a case. Until a decision is made as to whether certain property is separate, this court can not adequately determine whether a just division of marital property occurred."

844 S.W.2d at 104–05[1, 2]. *See Schulte v. Schulte*, 892 S.W.2d 393[1] (Mo.App.1995).

As was the case in *Steele*, we cannot determine what should have been designated as separate property. The evidence regarding real estate purchased during the marriage, source of funds for that property, history of ownership of three horses, and history of ownership of other personal property was largely based on the parties' oral testimony. "Credibility of witnesses is largely vested in the discretion of the trial judge." *Steele*, 844 S.W.2d at 105. Rule 73.01(c)(2). Without findings as to marital or nonmarital status of the property, from the record as it exists we cannot know what resolution the trial court made of credibility. Because of the court's failure to designate the property as marital or nonmarital and *then* divide, we reverse and remand for that purpose.[1]

Wife's third point, which claims the trial court erred when it found that Wife

---

1. Until designation of property as marital or nonmarital is made, we cannot decide the question presented by Point II, i.e., whether the division by the trial court is "just after considering all relevant factors...." § 452.330.1, RSMo 1994.

*See Steele*, 844 S.W.2d at 105. On remand, a more orderly, prepared presentation of evidence by the litigants would no doubt aid the trial court in performing its duty.

waived maintenance, also has merit. Although a trial court's decision regarding maintenance is presumed correct, *Theilen v. Theilen*, 847 S.W.2d 116, 123[15] (Mo.App. 1992), a judgment on maintenance will be disturbed on appeal where it is improper under *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976), i.e., where it is unsupported by substantial evidence, is against the weight of the evidence, erroneously declares the law, or misapplies the law. *See Whitworth v. Whitworth*, 878 S.W.2d 479, 481–82 (Mo.App.1994).

■ Based on the record before us, there is insufficient evidence to support the trial court's determination that Wife waived her claim to maintenance. Not only did Wife request maintenance via her pleading, she twice testified at trial that she wanted maintenance awarded to her. In her direct examination Wife was asked, "Do you want [your husband ... to pay to support you so much a month]?" Wife replied, "Yes, I do." Likewise, during cross-examination, Wife was asked, "[I]s that [need of money to buy a house] your reason for asserting a claim of maintenance ...?" Her answer was, "Yes, sir." Nowhere in this record do we find testimony, pleadings, representations by counsel, or other evidence that Wife was abandoning or waiving her claim to maintenance. Because the record fails to establish that Wife waived her claim to maintenance, we cannot speculate how the trial court would have resolved conflicting evidence had it decided the Wife's maintenance claim on its merits. Thus, we reverse and remand for the trial court to consider Wife's request for maintenance after it has adjudicated the status of property, i.e., marital or nonmarital, and divided it. *See In re Marriage of Johnson*, 856 S.W.2d 921, 927[11] (Mo.App.1993).

Because no error is assigned in this appeal regarding the remaining provisions of the dissolution judgment, those provisions are affirmed.

PREWITT, P.J., and PARRISH, J., concur.