In re the **MARRIAGE OF Glenn Edwin KIRKHAM** and Leona L. Kirkham.

**Glenn Edwin Kirkham, Petitioner–Respondent,**

and

**Leona L. Kirkham, Respondent–Appellant.**

No. 20368.

Missouri Court of Appeals, Southern District, Division One.

Dec. 10, 1996.

3. Statutory references are to RSMo 1994, unless otherwise indicated.

John E. Price and Eric G. Jensen of Price, Fry & Robb, P.C., Springfield, for appellant.

Randy R. Cowherd of Schroff, Glass & Newberry, P.C., Springfield, Daniel P. Wade, Ava, for respondent.

PREWITT, Judge.

Leona L. Kirkham appeals from a judgment and decree dissolving the marriage of the parties. She contends the trial court erred in its manner of awarding or dividing certain property and in denying her maintenance.

█ Both in the trial court and here, Respondent husband claims that some of the property was his separate, non-marital property. The trial court, however, made no finding regarding whether the property at issue was separate or marital.

█ Under Section 452.330, RSMo 1994, the trial court must set aside to each spouse his or her separate property and divide the marital property. *In re Marriage of Eck,* 904 S.W.2d 60, 61 (Mo.App.1995); *In re Marriage of Steele,* 844 S.W.2d 104 (Mo.App. 1992).

█ It is true, as Respondent contends, that even an erroneous declaration in designating separate property does not call for reversal where the decree is nevertheless fair. *In re Marriage of Lewis,* 808 S.W.2d 919, 923 (Mo.App.1991). However, here, it is not possible to tell whether there is a fair division until the separate property is determined. Nor is it possible to determine the entitlement of or the amount of maintenance. Under Section 452.335, RSMo 1994, both in determining if maintenance should be awarded and in determining the amount of maintenance, marital property awarded and other financial resources are considered.

There may be situations where neither party contends there was separate property, but as earlier noted, this is not such a case. As there may be credibility issues, it is not for this Court to resolve them and determine what is separate property. *Cf. Eck,* 904 S.W.2d at 61; *Steele,* 844 S.W.2d at 105.

The portion of the judgment dissolving the marriage and awarding attorneys' fees is affirmed. The remainder of the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

BARNEY, P.J., and GARRISON, J., concur.