**In Re Marriage of Kim Dean TIPTON, Petitioner–Respondent,**

v.

**Carl Belt TIPTON, Respondent–Appellant.**

No. 22440.

Missouri Court of Appeals, Southern District, Division Two.

May 13, 1999.

King E. Sidwell, Blanton, Rice, Sidwell & Nickell, L.L.C., Sikeston, MO, for Appellant.

Hal E. Hunter, III, Hunter & Hunter, New Madrid, MO, for Respondent.

ROBERT S. BARNEY, Judge.

Carl Belt Tipton ("Appellant") appeals from a dissolution of marriage judgment and decree entered by the Circuit Court of Pemiscot County, Missouri. Appellant raises four points of trial court error. We will not address these points because we dismiss the appeal and remand the case to the trial court for further proceedings not inconsistent with this opinion.

■ We initially observe that the judgment of the trial court makes no classification of the property awarded to the respective parties as being either separate property or marital property. Additionally, the record, briefs, and oral arguments of the parties show that, at the time of trial, Appellant had an interest in Boxwood Plantation, L.L.C., successor entity to Tipton Veneer Company ("Tipton").[1] During the course of the marriage, Tipton entered into an agreement for the sale of certain real property to Aztar Missouri Gaming Corporation ("Aztar"). The contract between Tipton and Aztar provided that Aztar would pay $4,000,000.00 "up front" money, less fees, costs and escrow deposit, to Tipton at the time of closing, together with an additional $2,000,000.00 payable in eight yearly, interest free installments of $250,000.00 each, beginning in 1995. However, the trial court failed to classify or make disposition of Appellant's interest in these latter installment payments.

■ "Section 452.330, [RSMo Cum. Supp.1997,] controls the division of property in a dissolution proceeding. It *mandates* a two-step process by the trial court: (1) the court must set aside to each spouse his or her separate property, and (2) divide the remaining marital property." *In re the Marriage of Steele*, 844 S.W.2d 104 (Mo.App.1992)(emphasis added). "The trial court must make specific findings as to whether each asset or class of assets is marital property subject to division or non-marital property belonging to a spouse individually." *Id.*; *see Lawry v. Lawry*, 854 S.W.2d 842, 844 (Mo.App.1993). "Until a decision is made as to whether certain property is separate, this court can not adequately determine whether a just division of marital property occurred." *Steele*, 844 S.W.2d at 105; *Wagner v. Wagner*, 823 S.W.2d 523, 525 (Mo.App.1992)("Allocation of non-marital property as the separate

---

1. All assets of Tipton Veneer Company, a Missouri partnership, had been transferred to Boxwood Plantation, L.L.C., at the time of trial.

property of the spouse and the valuation of such property is therefore essential as a prelude to division of marital property in meeting the statutory requirement for a 'just' division with due regard to all relevant factors."(quoting *Fields v. Fields*, 584 S.W.2d 163, 166 (Mo.App.1979)); *see also Fletchall v. Fletchall*, 896 S.W.2d 523, 524 (Mo.App.1995).

■ As previously set out, the record, briefs and oral arguments of the parties clearly demonstrate that at trial Appellant had an interest in a significant amount of money which the court has neither classified nor awarded to either of the parties. "If the dissolution decree does not dispose of all of the property of the parties, the judgment is not final, and this court can acquire no jurisdiction." *Frame v. Frame*, 696 S.W.2d 332, 334 (Mo.App.1985). "[T]he appellate court, when presented with the issue of undistributed property, must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not rendered a final judgment from which an appeal can be taken." *Wagner*, 823 S.W.2d at 525(quoting *State ex. rel. McClintock v. Black*, 608 S.W.2d 405, 406 (Mo. banc 1980)). "The effect of this dismissal is to recognize the jurisdiction of the trial court to enter a new judgment covering the entire case." *Id.* at 526; *Meltzer v. Meltzer*, 775 S.W.2d 120, 121 (Mo. banc 1989).

The appeal is dismissed and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.

GARRISON, C.J. and MONTGOMERY, J., concur.