In re The MARRIAGE OF Loretta G.
BELOW and Sam A. Below.

Loretta G. Below,
Petitioner/Respondent,

v.

Sam A. Below, Respondent/Appellant.

No. ED 75510.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 14, 1999.

A.M. Spradling, III, Spradling & Spradling, Cape Girardeau, for respondent.

David G. Beeson, Buerkle, Beeson, Ludwig, Jackson & Boner, L.C., Jackson, for appellant.

KATHIANNE KNAUP CRANE,
Judge.

Husband appeals from the property and maintenance provisions of the decree of dissolution of marriage. We reverse and remand because the trial court failed to identify the separate and marital property before awarding it to the parties and we cannot, on the record before us, determine if the property division was just. Further, the maintenance award must be recalculated on remand after the property has been allocated.

## Factual and Procedural Background

Sam A. Below [husband] and Loretta G. Below [wife] were married on February 24, 1984. One child was born of the marriage, who was still a minor at the time of trial. The parties separated on or about July 20, 1997 and wife filed a petition for dissolution on September 23, 1997. At the time of the dissolution, wife was 37 years old and husband was 56 years old.

We list below the parties' assets and the evidence pertaining to them:

1) A 175 acre farm, which husband purchased from his parents before the marriage in 1976. Husband valued the property at $1,500 per acre, while wife believed the value was $2000 an acre. Husband indicated that there was a debt of approximately $120,000 on the farm, which he owed to his mother. In 1976 husband borrowed $60,000 from the Federal Land Bank to purchase the property from his parents. This loan was paid off during the marriage by the proceeds on an insurance loss. The premiums on that policy were paid during marriage, although the record does not specify if marital assets were used. The farm produced $15,000 per year in rental income which husband used to pay interest on the loan and farm expenses.

2) Husband's pension and retirement plan from Fabick Brothers, valued at $110,749.87 as of December 31, 1997. Husband was employed with Fabick during the marriage.

3) 40 shares of Caterpillar Tractor Company stock. Husband worked for Caterpillar 2 years before the marriage and 3 years after the marriage. While working for Caterpillar husband acquired 20 shares of its stock, which split in 1997. However, the record does not indicate if he purchased this stock before or after the marriage, the sources of the funds for the purchase, or the stock's value.

4) Husband's $40,000 insurance policy with National Life. Husband testified he acquired the policy on August 20, 1986, after the marriage, but that it was a continuation of other policies he had purchased prior to the marriage. Wife testified that the policy's cash value was $15,813.89.

5) Four motor vehicles: a 1993 Ford Pickup, titled in husband's name, valued by husband at $5000; a 1985 Chevrolet Pickup, titled in husband's name, valued by husband at $1000; a 1991 Chevrolet Geo, titled in husband and wife's names, valued by husband at $4000 (the Geo was traded for wife's Grand Am valued at $12,995, subject to a debt of $9700); a 1995 Chevrolet Blazer, titled in husband's name, valued by husband at $14,500, subject to a debt of $14,500.

6) Thirteen cattle and seven calves, valued by husband at $7900 subject to debt of $7659.92.

7) Household goods. All of the household goods, except for husband's grandmother's armoire, were divided by the parties prior to the hearing.

The judgment, as amended, awarded wife primary care, custody and control of the parties' minor daughter, $460 per month as child support, $300 per month as maintenance and $2,500 attorney's fees. With respect to the property, the judgment provided as follows:

The Court further finds that with respect to property, there be set aside to Respondent as his some [sic] and separate property, the real estate described on the attached Exhibit "A", incorporated herein by reference. Respondent shall pay, assume and hold Petitioner harmless from the debt thereon, and Petitioner shall execute a Quit Claim Deed conveying her interest in said property to the Respondent.

The Court further orders that there be set aside to the Respondent his National Life Insurance policy, 40 shares of Caterpillar stock, and cattle, subject to

any debt thereon, which Respondent shall pay, assume and hold Petitioner harmless therefrom.

The Court further orders that there be set aside to the Respondent the 1993 Ford Pickup Truck, 1985 Chevrolet Pickup Truck, and 1995 Chevrolet Blazer, subject to the debt thereon, which Respondent shall pay, assume and hold Petitioner harmless therefrom.

The Court further orders that of the marital property there be set aside to the Petitioner all household goods, supplies, furnishings and personal effects now in her possession, together with her 1991 Geo Prism.

The Court further orders that Respondent's Pension, Profit Sharing and Retirement Plan through Fabick Brothers be divided equally between the parties, via a Qualified Domestic Relations Order.

The court ordered husband to pay wife $90,000 within 90 days of the order "to equalize the division of property."

### Discussion

#### 1. Designation and Division of Property

For his first two points on appeal, husband contends that the trial court erred in failing to designate the parties' property as marital or separate before dividing the marital property and that this failure resulted in an unjust division in that the court ordered him to pay $90,000 cash to wife to equalize the division of marital property.

Section 452.330 RSMo (1996) governs the disposition of property in dissolution actions. The statute provides, in relevant part:

...the court shall set apart to each spouse such spouse's nonmarital property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors including:

(1) the economic circumstances of each spouse at the time the division of property is to become effective...

(2) the contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(3) the value of the nonmarital property set apart to each spouse;

(4) the conduct of the parties during the marriage; and

(5) custodial arrangements for minor children.

The statute requires the trial court to complete two steps to dispose of the property:

First, set apart to each spouse his or her separate property and, second, divide the remaining marital property. *Bishop v. Bishop*, 658 S.W.2d 512, 514 (Mo.App. 1983). Before the court can set apart or divide the property, it must make specific findings on whether each asset or class of assets is non-marital property belonging to a spouse individually or marital property subject to division. *Id.* "Such an identification of property is a necessary antecedent of a subsequent just division of marital property." *Id.* It is not enough to apportion all of the property between the parties without first designating it as either separate or marital property. *Id.* The determination of whether property is marital or non-marital is a question of law. *Id.* The failure to specifically identify property as marital or non-marital makes it impossible to determine on appeal whether the court made a just division of the marital property in accordance with Section 452.330 RSMo. *In re Marriage of MacBeth*, 622 S.W.2d 720, 723 (Mo.App.1981).

Wife argues that the court found the farm to be separate property because it awarded the farm to husband "as his some [sic] and separate property" and awarded her $90,000 in cash to compensate her for her marital contribution to that farm. She also argues that the court found that the life insurance and Caterpillar stock were

marital property and divided it as such. We do not read the court's decree as making these specific classifications. Further, such a procedure does not comply with the statute. The court should have determined with respect to the farm, as well as the Caterpillar stock, the insurance policy, and the cattle, what portions of each were separate property and what portions of each were marital property by looking at the date of acquisition, the source of funds used to purchase and to make loan payments thereon, etc.[1] If under the applicable law, a portion of the farm, for example, was marital property, then that should have been set out in the decree and listed as part of the marital property subject to division. The court should only set off to husband as separate property that part of the farm which is determined to be his separate property. It may award to him the remainder of the farm as his share of marital property, but must do so as part of its division of the marital property. The same principles apply to the remaining property.

 The court did not properly designate the property as marital or non-marital before it distributed it. Nor could the court have accurately determined a fair and just distribution because essential evidence regarding the assets' value was not adduced at trial. Although the trial court need no longer assign values to the marital property, evidence from which the value of the marital property can be determined must appear in the record. *Spauldin v. Spauldin*, 945 S.W.2d 665, 669 (Mo.App. 1997). "Evidence permitting a fair and accurate valuation of the assets is required before a just division of the property can be achieved, and a meaningful review of that division can be undertaken on appeal." *Id.* The valuation of property should be reasonably proximate to the date the divi-

sion is to be effective. *Smith v. Smith*, 985 S.W.2d 836, 841 (Mo.App.1998).

 It is not possible for us to determine if the property division is fair until the separate property is determined and the value of that property is established in the record. *In re Marriage of Kirkham*, 935 S.W.2d 392, 393 (Mo.App.1996). After determining the status and value of the parties' property, the court must then set apart to each spouse that spouse's nonmarital property. Section 452.330. Next it must divide the marital property in such proportions as the court deems just after considering all relevant factors, including the five factors set out in Section 452.330. The court can consider the value of the separate property as one of the nonexclusive statutory factors under Section 452.330.1 in determining a just division of marital property. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo.App.1983). The case must be remanded for a determination of which property is marital and which property is non-marital and for a division of the marital property. *Kirkham*, 935 S.W.2d at 393; *MacBeth*, 622 S.W.2d at 723.

## 2. *Maintenance*

 For his third point husband contends the award of $300 maintenance per month to wife was unwarranted because there was insufficient evidence to support the finding that wife was unable to meet her own needs and because the amount the court ordered husband to pay was beyond his means. The maintenance award must necessarily be recalculated because the amount of property apportioned to wife must be considered in setting the amount of maintenance, if any. Accordingly, the maintenance award is reversed and remanded. *See Morgan v. Ackerman*, 964 S.W.2d 865, 869 (Mo.App.1998); *Kirkham*, 935 S.W.2d at 393. On remand the trial

---

1. *See e.g. Alexander v. Alexander,* 956 S.W.2d 957 (Mo.App.1997); *Brooks v. Brooks,* 911 S.W.2d 631 (Mo.App.1995); *Mika v. Mika,* 728 S.W.2d 280, 282 (Mo.App.1987) (overruled on other grounds); *In re Marriage of*

*Box,* 968 S.W.2d 161, 164–65 (Mo.App.1998); *Bishop v. Bishop,* 658 S.W.2d 512, 515 (Mo. App.1983); *Neal v. Neal,* 776 S.W.2d 861, 866 (Mo.App.1989); *Drikow v. Drikow,* 803 S.W.2d 122, 127 (Mo.App.1990).

court is directed to keep the present maintenance award in effect until a final judgment is entered and make any adjustments in the final award.

The portions of the decree relating to the disposition of property and maintenance are reversed and remanded. In all other respects the decree is affirmed.

MARY RHODES RUSSELL, C.J. and LAWRENCE G. CRAHAN, J., concur.