**Opinion filed January 6, 2022**



# In The

# Eleventh Court of Appeals

_____

## No. 11-20-00059-CR
_____

## JAMES MICHAEL HELMS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR26786**

## M E M O R A N D U M   O P I N I O N

The State charged Appellant, James Michael Helms, with the offense of continuous sexual abuse of a young child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2021). Appellant waived his right to a jury trial. The trial court found Appellant guilty and assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for life without the possibility of parole. In his sole issue on appeal, Appellant contends that

the trial court relied on irrelevant evidence in convicting and sentencing Appellant of the charged offense. Specifically, Appellant argues that some of the acts of sexual abuse relied upon by the trial court occurred *before* September 1, 2007, when Section 21.02 became effective, and some occurred *after* the victim had aged out of Section 21.02's targeted protection of children under the age of fourteen. We affirm.

*Background Facts*

The victim in this case was Appellant's stepdaughter, referred to herein by the pseudonym used at trial and in the indictment: J.A. Because Appellant does not challenge the sufficiency of the evidence to support his conviction, we limit our discussion to the facts that are necessary to the disposition of this appeal.

The indictment alleged that between January 1, 2006, and January 1, 2014, Appellant committed multiple acts of sexual abuse against his stepdaughter, J.A., in Brown County, Texas. By her date of birth, we can deduce that she was as young as six years old and no older than thirteen years old when these acts of sexual abuse were alleged to have occurred.

The evidence of the sexual abuse of J.A. presented at trial was overwhelming. J.A. testified that Appellant had been her only father figure since she was less than a year old. From a very early age, Appellant was grooming J.A. for sex. She recalled that when she was between five and seven years old, Appellant penetrated her vagina with his fingers. He taught her to play with his penis as though it was just one of her toys. At about nine years old, Appellant would ejaculate on her chest, assuring her this would help her grow larger breasts.

The first time that Appellant had vaginal intercourse with J.A., she was only in the fourth grade—roughly ten or eleven years old. She distinctly remembered this event because Appellant allowed her to keep a puppy as a reward. One time, while J.A. was in the sixth grade, Appellant withdrew her from school and took her to a motel, where he required her to perform manual masturbation on him, oral sex, and

2

sexual intercourse. Officer Kimberly Holland, of the Brownwood Police Department, confirmed in her testimony that Appellant withdrew J.A. from school on May 24, 2012, when she was in the sixth grade and before she had turned twelve. On at least fifteen occasions that J.A. could remember, Appellant would visit her bedroom at night to receive oral sex, often waking her up by rubbing his penis in her face. J.A. testified that when she was in the seventh grade, at twelve or thirteen years old, Appellant would pick her up from school after track practice and have sexual intercourse with her about three times per week. This took place at the third of four homes her family lived in over the years, which was at the end of a long street that afforded Appellant the ability to keep watch for his wife and the other kids while he had sex with J.A.

Throughout the years, Appellant took many sexually explicit photos and videos of J.A. Victoria Brennan, a Computer Forensic Analyst with the Maine State Police, testified that the metadata she found in the image depicted in State's Exhibit Nos. 13 and 14 is time-stamped, revealing that Appellant took the photograph when J.A. was still only thirteen years old. Brennan reviewed the web history in Appellant's laptop and discovered that he frequently searched for pornographic media featuring prepubescent children. Officer Holland also reviewed Appellant's electronic media and discovered 41,901 images on Appellant's cell phones, with the vast majority depicting J.A. in various stages of undress or having sex with Appellant. Officer Holland specifically described one photograph of J.A. in which she was exposing herself to the camera when she was thirteen years old; he also described two similar photos taken after J.A.'s fourteenth birthday. Officer Holland also discovered two videos on an S.D. card, depicting Appellant having intercourse with J.A. when she was fourteen and fifteen years old, respectively. These videos were played after the public was removed from the courtroom.

3

J.A.'s mother eventually found one of Appellant's cell phones and discovered some of the videos of Appellant having sex with J.A. She confronted J.A. and Appellant about the videos but did not call the police or kick Appellant out of the house. About three months later, the family took a vacation to Florida without Appellant. Appellant absconded while the family was in Florida. Several months later, J.A.'s mother informed the police about what happened, and Appellant was eventually apprehended in Northport, Maine. Appellant was convicted in Maine for possession of pornography featuring children under the age of twelve years old, a Class C felony in that state. Appellant received a six-month sentence, with time served, and then was extradited to Brown County, Texas, to be tried for his offenses against J.A. The trial court, after a unified bench trial, convicted Appellant of continuous sexual abuse of a young child and imposed a sentence of life without the possibility of parole.

*Standard of Review*

We review a trial court's decision to admit or exclude extraneous-offense evidence under an abuse of discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). We will not reverse a trial court's decision to admit evidence, and the trial court does not abuse its discretion, unless its decision lies outside the zone of reasonable disagreement. *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018); *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). Moreover, we will not disturb a trial court's evidentiary ruling, even if the trial court's reasoning was flawed, if it is correct on any theory of law that reasonably finds support in the record and is applicable to that ruling. *Henley v. State*, 493 S.W.3d 77, 93 (Tex. Crim. App. 2016); *De La Paz*, 279 S.W.3d at 344.

*Discussion*

*I. The trial court neither adjudicated Appellant's guilt nor assessed his punishment on the basis of irrelevant evidence.*

A person commits the offense of continuous sexual abuse of a young child if: "(1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse . . . and (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is (A) a child younger than 14 years of age[.]" PENAL § 21.02(b). This statute became effective on September 1, 2007. *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 1.17, 4.01, 4.02 (H.B. 8), 2007 Tex. Gen. Laws 1120, 1127, 1148.

Appellant claims that the trial court convicted him, at least partially, on the basis of evidence of sexual abuse that he perpetrated against J.A. before September 1, 2007, the effective date of Section 21.02. Appellant argues that the trial court must have based its finding of guilt on extraneous offenses from 2006 to 2007, before the pertinent statute had gone into effect, because the trial court "specifically found the indictment language to be true," and the indictment asserted that the acts of sexual abuse began in 2006. Appellant also argues that the trial court's finding of guilt and assessment of punishment were based on acts of sexual abuse that occurred after J.A. turned fourteen. Appellant claims that in each of these instances, the trial court relied on irrelevant, and hence, inadmissible evidence to determine Appellant's guilt and punishment. We hold that Appellant's arguments are wholly unsupported by the record at trial.

*A. Guilt/Innocence*

The trial court was painstakingly clear as to the basis for its pronouncement of Appellant's guilt. The trial court found that J.A.'s testimony was credible and corroborated by other evidence, specifically State's Exhibit Nos. 13 and 14. These were two sexually explicit photographs of J.A. that Appellant had taken, as

demonstrated by the time-stamps in their metadata, eleven days before J.A. turned fourteen. This evidence, the trial court noted, was sufficient to find that Appellant had committed two or more acts of sexual abuse against J.A.

The trial court also found, beyond a reasonable doubt, that Appellant's sexual abuse of J.A. occurred over a span of more than thirty days for the following reasons. First, Appellant gave J.A. a puppy, when she was in fourth grade, as a reward for letting Appellant have sex with her. J.A. would have been ten or eleven years old at the time. Second, J.A. recounted being withdrawn early from school by Appellant when she was in the sixth grade and taken to a motel where Appellant had sex with her. This was corroborated by Officer Holland, who verified in the records of Brownwood ISD that Appellant had removed J.A. from school on May 24, 2012, before J.A.'s twelfth birthday. These two instances of sexual abuse are separated by years, which is more than sufficient to satisfy the requirement that two or more acts of sexual abuse occurred and that they were separated by a period of thirty days or more. *See* PENAL § 21.02.

The trial court articulated specific evidence of sexual abuse occurring between September 2007 and J.A.'s fourteenth birthday to find, beyond a reasonable doubt, that Appellant committed the offense of continuous sexual abuse of a young child. Moreover, the trial court only referred to acts of sexual abuse occurring after J.A. had reached the age of fourteen to demonstrate a long and continuous pattern that ramped up as time progressed. The trial court's finding of guilt was not, however, *based on* these later acts of sexual abuse. Regardless, Appellant has failed to demonstrate how evidence of the same statutory acts of sexual abuse occurring before and after the statutory time frame was *irrelevant*.

The State argues that evidence of prior and subsequent acts of sexual abuse, occurring *outside* the relevant statutory time frame, could only be irrelevant if it fails to make it more or less likely that Appellant was committing those same acts of

sexual abuse *during* the relevant statutory time frame. We agree. Evidence is relevant if it has any tendency to make a consequential fact more or less probable than it would be without the evidence. *See* TEX. R. EVID. 401. Here, the prior and subsequent relationship—evidence of Appellant sexually abusing J.A. when she was six years old and evidence of the abuse from the ages of fourteen to seventeen years old—display the entire factual picture and make it more probable that unrelenting acts of increasing sexual abuse were methodically being carried out against J.A. from when she was seven through age thirteen. Moreover, the Texas Legislature specifically chose to override specific rules of evidence in the prosecution of continuous sexual abuse of a young child:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child.

TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1(b) (West Supp. 2021). Accordingly, evidence of Appellant's previous and subsequent sexual abuse of J.A. was relevant and admissible. Absent those instances, there is still an abundance of evidence to support the trial court's finding of guilt such that this court would be unable to conclude that the admission of the extraneous offenses would have made any significant difference in the outcome at trial.

### B. Punishment

Appellant also complains that the trial court's assessed punishment of life without parole was based, in part, on instances of sexual abuse that occurred after J.A. was fourteen. In assessing Appellant's punishment, the trial court emphasized that Appellant began sexually abusing J.A. when she was six years old, as part of a grooming process, "to turn her into [his] sex slave for the next eight or nine years."

7

Thus, the trial court was considering instances of sexual abuse that may have predated the pertinent statute and instances that occurred after J.A. had reached the age of fourteen.

Appellant overlooks Article 38.37, which expressly permits evidence of this sort to be used for precisely this purpose. The trial court was permitted to consider the video evidence of extraneous acts of sexual abuse, which tended to illustrate Appellant's state of mind in grooming J.A. for sex for nearly a decade. The evidence of their previous and subsequent relationship is admissible to provide the context for the acts of sexual abuse that Appellant inflicted upon J.A. when she was between the ages of seven and thirteen. Evidentiary rules for assessing punishment are already significantly broad and permissive.

> Regardless of . . . whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

CRIM. PROC. art. 37.07, § 3(a)(1). Time-stamped videos clearly depict Appellant and J.A. sexually engaged when she was fourteen and seventeen years old. This evidence was admissible for purposes of assessing Appellant's punishment.

*II. Appellant failed to properly preserve complaints for review.*

An error is not preserved for appellate review unless a timely objection is made at trial; the objection must be specific enough to inform the trial court of the reason for the objection and allow it time to rule on the issue. *Layton v. State*, 280

8

S.W.3d 235, 238–39 (Tex. Crim. App. 2009) (citing TEX. R. APP. P. 33.1(a)(1)(A)). "[A]ll a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Id.* (citing *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

Here, Appellant did not object to the relevance of any of the State's evidence of sexual abuse occurring prior to September 1, 2007. Nor did Appellant object to the relevance of any of the State's evidence of sexual abuse occurring after J.A. had reached fourteen years of age. Appellant made objections to leading questions, nonresponsive answers, speculation, lack of foundation, hearsay, and cumulativeness, but *never once* objected that any of the State's evidence or testimony should be excluded as irrelevant because the offenses were extraneous to those with which Appellant was charged. Even if this court were to assume that Appellant is correct and that the trial court erroneously relied on irrelevant evidence in finding Appellant guilty or assessing his punishment, Appellant failed to raise the proper objections that would have preserved this alleged error for our review.

Appellant argues, in a footnote, that the only reason he did not object at trial to the admission of the evidence he now characterizes as irrelevant is because he "could not have known the trial court considered the irrelevant evidence in reaching its decisions on either guilt or punishment" until "the end of the unified trial proceeding." This argument is without merit, because an objection to properly limit the admissibility of evidence is always required under Rule 105(a) of the Texas Rules of Evidence, and because Appellant characterizes evidence of sexual abuse that occurred before September 1, 2007 and after J.A.'s fourteenth birthday as irrelevant for all purposes and all phases of the trial.

9

Appellant also asserts that the evidence was inadmissible for punishment purposes. Appellant agreed to a unitary proceeding. It therefore strains credulity that Appellant should not have anticipated that *admitted* evidence would be used in the trial court for *some* purpose. If, on the other hand, Appellant intended to argue that the evidence was admissible for some purposes but not for others, that complaint has also been waived because Appellant failed to request that the trial court limit the scope of its consideration of the evidence under Rule 105. "[A] party opposing evidence has the burden of objecting and requesting the limiting instruction at the [time of the] introduction of the evidence. Once evidence is received without a limiting instruction, it becomes part of the general evidence and may be used for all purposes." *Hammock v. State*, 46 S.W.3d 889, 892 (Tex. Crim. App. 2001). Absent a requested limiting instruction, an opponent of evidence waives his grounds to complain on appeal. Thus, Appellant failed to preserve his only issue on appeal.

### III. Any error in this case was harmless

Finally, Appellant argues that he was harmed by the trial court's reliance on irrelevant evidence. We disagree for reasons in addition to those previously addressed in this opinion. A nonconstitutional error "that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). A substantial right is affected "when the error ha[s] a substantial and injurious effect or influence" on the verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Conversely, "substantial rights are not affected by the erroneous admission of evidence if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the [factfinder] or had but a slight effect." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). We only reverse a conviction on the basis of a nonconstitutional error if we harbor "grave doubt that the result of the trial was free from the substantial effect of the error." *Barshaw v. State*, 342 S.W.3d 91, 94 (Tex. Crim. App. 2011). "Grave doubt" means that, "in the judge's mind, the

10

question is so evenly balanced that he feels that he is in virtual equipoise as to the harmlessness of the error." *Baiza v. State*, 487 S.W.3d 338, 346 (Tex. App.— Eastland 2016, pet. ref'd) (citing *Barshaw*, 342 S.W.3d at 94).

Even if we assumed, *arguendo*, that the trial court relied, in part, on irrelevant evidence, we cannot conclude that the error affected Appellant's substantial rights. Nor, for that matter, do we harbor any doubt, grave or otherwise, that the result of the trial was free of any substantial influence from the evidence Appellant is challenging. The abuse that Appellant committed against J.A when she was between the ages of seven and thirteen is substantial. That is to say, "given all of the evidence before the [trial court], we believe it quite unlikely that the admission of the evidence of extraneous offenses in question had a substantial effect on the [trial court's judgment]." *Ladd v. State*, 3 S.W.3d 547, 568 (Tex. Crim. App. 1999).

Appellant concedes that the record as a whole is "replete with instances of sexual abuse perpetrated by [Appellant] against [J.A.]." That is certainly true. But more importantly, the record clearly reveals the specific evidence that the trial court relied on in finding Appellant guilty and assessing his punishment. To convict Appellant, the trial court relied on acts of sexual abuse that occurred between September 1, 2007, and J.A.'s fourteenth birthday. The evidence within that timeframe was ample and more than sufficient to support the trial court's finding that Appellant was guilty of continuous sexual abuse of a young child. Thus, even if the trial court erroneously admitted or considered the evidence of sexual abuse that transpired outside the relevant time frame, it had no influence, or no more than a slight influence, on the trial court's finding that Appellant committed the charged offense beyond a reasonable doubt. As such, no substantial right was affected in adjudicating Appellant guilty.

Further, in assessing Appellant's punishment at life without parole, it is likely that the same punishment would have been imposed by the trial court if Appellant

had groomed his stepdaughter since she was *seven* years old in order "to turn her into [his] sex slave for the next [seven] or [eight] years." The trial court could have reasonably concluded that the sentence imposed was necessary because, in addition to the other evidence adduced at trial, Appellant, as J.A.'s only father figure, abused his position of trust and authority over J.A. at a very early age and insidiously conditioned her for sexual exploitation that continued incessantly for many years. That same basis for Appellant's punishment exists regardless of whether the process began at the age of six or the age of seven or whether the abuse lasted seven years or eight years. Thus, with respect to the trial court's assessment of punishment, even if the evidence of sexual abuse transpiring outside the relevant time frame was erroneously admitted or considered, it had no influence, or no more than a slight influence, on the sentence imposed by the trial court. Under these circumstances, we hold that no substantial right was affected.

*This Court's Ruling*

We affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

January 6, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.